MOORE, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3799. Promulgated November 30, 1944.

*A. W. Clapp, Esq.,* for the petitioner.
*Leonard Raum, Esq.,* for the respondent.

OPINION.

LEECH, *Judge*: This proceeding seeks a redetermination of a deficiency in income tax for the calendar year 1942 in the sum of $496.61.

The sole issue is whether the net operating loss for determining the carry-over from the calendar year 1941 to the calendar year 1942 is to be computed under section 122 (d) (4) of the Internal Revenue Code as amended by section 150 (e) of the Revenue Act of 1942, or under section 122 (d) (4) of the Code as effective in the year prior to such amendment.

The facts are found as stipulated and. so far as material. are as follows:

Petitioner is a corporation with principal office at 1012 First National Bank Building, Atlanta, Georgia.

Petitioner's corporation income tax returns for the taxable years ended December 31, 1941, and December 31, 1942, were filed with the Collector for the District of Georgia.

Petitioner's gross income for the taxable year ended December 31, 1941, was $57,486.87, which sum includes short-term capital gains in the amount of $2,844.14. No long-term capital gains are included in such gross income of $57,486.87 since petitioner realized no long-term capital gains in the taxable year ended December 31, 1941. No short-term capital losses are reflected in such gross income of $57,486.87.

Petitioner's total deductions allowed by Chapter 1 of the Internal Revenue Code for the taxable year ended December 31, 1941, amounted to $73,551.04, which sum includes a deduction for long-term capital losses in the amount of $17,025.22. Petitioner's total deductions allowed by Chapter 1 of the Internal Revenue Code for the taxable year ended December 31, 1941, without regard to the deduction for long-term capital losses, amounted to $56,525.82..

Petitioner realized short-term capital gains in the amount of $2,844.14 in the taxable year ended December 31, 1941. Petitioner did not sustain any short-term capital losses in the taxable year ended December 31, 1941.

Petitioner did not realize any long-term capital gains in the taxable year ended December 31, 1941. Petitioner sustained long-term capital losses in the amount of $17,025.22 in the taxable year ended December 31, 1941.

The issue in dispute between the petitioner and the respondent is whether, growing solely out of the facts herein stipulated, there is allowable to petitioner

a net operating loss deduction in the amount of $1,883.09 for the taxable year ended December 31, 1942.

If the issue in this proceeding is decided in favor of the petitioner, it is stipulated and agreed that the petitioner's net income for the taxable year ended December 31, 1942, is $21,372.81, and that no deficiency is due from the petitioner for such taxable year.

If the issue in this proceeding is decided in favor of the respondent, it is stipulated and agreed that petitioner's net income for the taxable year ended December 31, 1942, is $23,255.90. It is further stipulated and agreed that in such case a deficiency of $496.61 is due from petitioner for the taxable year ended December 31, 1942, and that judgment in such amount may be entered for the respondent.

By section 211 (a) of the Revenue Act of 1939, section 23 of the Internal Revenue Code was amended by adding thereto subsection 23 (s), which permitted a net operating loss deduction for any taxable year beginning after December 31, 1939, computed under section 122, which was then added to the code. In that computation is included a net operating loss carry-over for two years. Section 122 (a) reads:

(a) DEFINITION OF NET OPERATING LOSS.—As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income, with the exceptions and limitations provided in subsection (d).

Subsection (d) (4) provides:

(4) Long-term capital gains and long-term capital losses shall be taken into account without regard to the provisions of section 117 (b). As so computed the amount deductible on account of long-term capital losses shall not exceed the amount includible on account of the long-term capital gains, and the amount deductible on account of short-term capital losses shall not exceed the amount includible on account of the short-term capital gains.

Under this provision, long term gains and losses, on the one hand, and short term gains and losses, on the other hand, were thus treated as mutually exclusive. That is the formula which respondent used in determining the contested deficiency and which he here insists is correct. In support of that view he cites Regulations 103, sec. 19.122–2 as amended by T. D. 5217, C. B. 1943, p. 329.

Though section 122 (a) of the code was not changed by "Title I—Individual and Corporation Income Taxes" of the Revenue Act of 1942, there were there enacted a number of amendments, including section 150 (e), providing as follows:

(e) NET OPERATING LOSS DEDUCTION.—Section 122 (d) (4) is amended to read as follows:

"(4) Gains and losses from sales or exchanges of capital assets shall be taken into account without regard to the provisions of section 117 (b). As so computed the amount deductible on account of such losses shall not exceed the amount includible on account of such gains."

Under this amendment, all capital gains and all capital losses are treated together, without regard to whether they be long term or short term gains or losses.

It is the position of the petitioner that this amendment is effective in the computation of the net operating loss of the petitioner for the year 1941 which is deductible as a net operating loss carry-over in determining petitioner's net income for the taxable year 1942.

Thus the simple issue submitted is whether in determining petitioner's income tax for the calendar year 1942, the net operating loss carry-over from the calendar year 1941, to which petitioner is entitled under section 23 (s) of the Internal Revenue Code in computing its net operating loss deduction for the calendar year 1942, shall be computed under section 122 (d) (4) of the Internal Revenue Code as it existed before or as it existed after the amendment of the latter section by section 150 (e) of the Revenue Act of 1942.

Under each of the pertinent prior revenue acts [1] permitting the carry-over of a net loss from an earlier year or years in computing the net income and taxes for a succeeding taxable year, it was expressly provided that such net loss should be computed under the law in effect during such earlier period. In *B. Estes Vaughan*, 15 B. T. A. 596, we held that it was only because of such express provision that the net loss to be carried over from 1923 in determining the net income and taxes for 1924 should be computed under the Revenue Act of 1921, in effect in 1923. There is no such provision in the Revenue Act of 1942. Nor do we find any indication in such act that Congress intended that the net loss carry-over was to be computed under the law effective when such net loss was sustained. In fact, we think, the Congressional intention is clear that such net loss should be computed under section 122 (d) (4) of the Internal Revenue Code, as amended by the Revenue Act of 1942, section 150 (e).

Section 101 of "Title I—Individual and Corporation Income Taxes" of the Revenue Act of 1942 bears the subtitle "Taxable Years to Which Amendments Applicable." It reads: "Except as otherwise expressly provided, the amendments made by this title shall be applicable only with respect to taxable years beginning after December 31, 1941."

Section 150 (e) of the Revenue Act of 1942, *supra*, amending subsection (d) (4) of section 122 of the Internal Revenue Code, contains no express provision as to the time that amendment is to become effective.

Certainly, in its present context, "with respect to" could mean nothing less than "in computing a tax liability for." Thus, paraphrasing section 101, *supra*, section 122 (d) (4) of the Internal Revenue Code, as amended by section 150 (e) of the Revenue Act of 1942, the provision would read "shall be applicable * * * in computing a tax

---

[1] Revenue Act of 1924, sec. 206 (e) and (f) ; Revenue Act of 1926, sec. 206 (e) ; Revenue Act of 1928, sec. 117 (e) ; and Revenue Act of 1932, sec. 117 (e).

liability for taxable years beginning after December 31, 1941." The question here is the tax liability of petitioner for such a year—the calendar year 1942. The answer to that question requires the use of a formula to compute the amount of the net operating loss for 1941. But the use of that formula has nothing to do with a tax liability for 1941. Its use here is limited to the determination of the tax liability of petitioner for the calendar year 1942.

We conclude, therefore, that the "net operating loss" of petitioner for 1941, to be used in the computation of its net operating loss carryover to the calendar year 1942 for determining its net income and taxes for that latter year, shall be computed under section 122 (d) (4) of the Internal Revenue Code, as amended by section 150 (e) of the Revenue Act of 1942.

It does not appear that Regulations 103, sec. 19.122–2, as amended by T. D. 5217, *supra*, upon which respondent relies, is inconsistent with this conclusion, but if it is, it can not to that extent survive.

*Decision will be entered for the petitioner.*