### THE CAMBRIA COLLIERIES CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13829.  Promulgated June 24, 1948.

*G. Charles Scharfy, Esq.*, for the petitioner.
*Clarence E. Price, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $12,311.03 in income tax for the calendar year 1941. The facts have been stipulated and the stipulation is adopted as the findings of fact.

The petitioner filed its return for 1941 with the collector of internal

---

revenue for the tenth district of Ohio. It was engaged, at all times material hereto, in the business of mining and selling coal.

Section 114 (b) (4), as it applied to the year 1941, required a taxpayer to elect whether it would use the percentage method of depletion instead of depletion based upon cost, and an election once made was binding in future years. The petitioner, in an earlier year, when that provision was the same, had elected to take percentage depletion and was bound to compute, and did compute, its deduction for depletion for 1941 upon the percentage method. The Revenue Act of 1942, by section 145 (a), amended the law so as to grant for 1942 and subsequent years the larger of the depletion allowances computed under the cost and percentage methods; that is, it provided that "in no case shall the depletion allowance under section 23 (m) be less than it would be if computed without reference to" percentage depletion. The petitioner was not entitled to any deduction for depletion for 1943 under the percentage method and, therefore, it took, as the law applicable for 1943 provided, the deduction computed under the cost method. The petitioner had a net operating loss for 1943, which it seeks to use in computing its "net operating loss deduction" for 1941.

The Commissioner contends that a deduction for depletion for 1943, allowable under the code provision applicable to that year, should not be allowed in computing the loss for 1943 to be carried back for the purpose of computing the "net operating loss deduction" for 1941, since it appears that the deduction for depletion would not have been allowable for 1943 but for an amendment to the code applicable to taxable years beginning after December 31, 1941. In other words, he wants to compute the 1943 loss under the 1941 law instead of the law actually applicable to 1943.

All agree that the "net operating loss deduction" for 1941 must be computed under section 122 as it applied to 1941. Paragraph (b) (1), entitled "Net Operating Loss Carry-back," provides, "If for any taxable year beginning after December 31, 1941, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years * * *." A net operating loss is defined in paragraph (a) as "the excess of the deductions allowed by this chapter over the gross income," with certain exceptions and limitations which need not complicate the present problem. Those provisions seem to mean that the net operating loss for 1943, which can be carried back for the purpose of computing the net operating loss deduction for 1941, is to be computed under the provisions of chapter 1 applicable to the year of the loss, that is, 1943. In other words, the net operating loss for 1943 is the excess of deductions allowed for that year over the gross income for that year under

the provision of chapter 1 applicable to that year. Congress, in amending section 114 (b) (4), was obviously aware of the effect of the change on taxes for other years under section 122, yet it made no comment. It would be most unusual to compute the 1943 loss under the law applicable to some prior year, and if Congress had had such an intention it surely would have expressed it in the code. *Reo Motors, Inc.*, 9 T. C. 314. The respondent once refunded taxes to the petitioner in the amount here in question, in the belief that the contention of the petitioner was correct. He changed that view and determined the deficiency on his present theory, but has cited no provision of the law or authority to support his latest position. The contention of the petitioner is correct.

*Decision will be entered under Rule 50.*