COMMUNITY PUBLIC SERVICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17066. Promulgated May 31, 1949.

*Sam G. Winstead, Esq., Wayman G. Peavy, Esq.,* and *Bennett L. Smith, Esq.,* for the petitioner.
*J. Marvin Kelley, Esq.,* for the respondent.

### OPINION.

DISNEY, *Judge*: This case involves a deficiency in excess profits tax for the year 1943 in the amount of $114,176.94, with a resulting overassessment in income tax in the amount of $30,686.02, and a claim for refund of excess profits tax for 1943, the amount dependent upon the conclusion reached in this case.   The issue is whether petitioner is entitled to unused excess profits credit carry-overs from the years 1941 and 1942, with a resulting unused excess profits credit adjustment for 1943 in the amount of $196,246.09.

The parties have stipulated all of the facts, reading (except statement of the issue stipulated as above set forth) as follows:

Petitioner is a corporation, with its principal place of business in Fort Worth, Texas.

As of January 1, 1935, petitioner acquired from its predecessor corporation all of the assets of such predecessor corporation, in pursuance of an order of the Federal court having jurisdiction over the matter in a proceeding under section 77B of the National Bankruptcy Act, petitioner having been organized to effectuate a plan of reorganization approved by said court in such proceeding, said assets being acquired in exchange solely for stock or securities of petitioner.   Petitioner's average equity invested capital for the year 1943, determined in accordance with its predecessor's basis in such assets, is $8,278,760.21, and its invested capital for such year is $11,854,976.65.   For the year 1941, petitioner's average equity invested capital, determined in accordance with its predecessor's basis, is $8,278,760.21, and its invested capital for 1941 so determined is $11,734,151.02.   Similarly, for 1942, petitioner's average equity invested capital, determined in accordance with the predecessor's basis, is $8,278,760.21, and its invested capital so determined is $11,873,052.14.   Petitioner's excess profits credit for 1941 and 1942, determined on the basis of an invested capital of $11,734,151.02 and $11,873,052.14, respectively for such years is $854,049.06 and $862,383.13.   Its excess profits net income for the years 1941 and 1942, determined in accordance with its predecessor's basis, is respectively $772,338.41 and $747,847.69.   Petitioner's unused excess profits credit for the years 1941 and 1942, determined on the basis of an invested capital of $11,734,151.02 and $11,873,052.14, re-

spectively for such years is $81,710.65 and $114,535.44, or a total unused excess profits credit carry-over from 1941 and 1942 and a resulting unused excess profits credit adjustment for 1943 in the amount of $196,246.09.

It is petitioner's position in this proceeding that under the provisions of sections 112 (b) (10), 113 (a) (22) and other applicable provisions of the Internal Revenue Code, it is entitled to have its unused excess profits credit carry-over from the years 1941 and 1942 and a resulting unused excess profits credit adjustment for the year 1943 computed in accordance with the basis of its predecessor corporation in the assets acquired by petitioner from such predecessor on January 1, 1935. It is respondent's position in this proceeding that petitioner is not entitled to any unused excess profits credit carry-over from the years 1941 and 1942 to .1943, by reason of the provisions of sections 112 (b) (10), 113 (a) (22), and other applicable provisions of the Internal Revenue Code. If petitioner is correct in its position, it is agreed that petitioner is entitled to an unused excess profits credit adjustment for the year 1943 in the amount of $196,246.09. If respondent is correct in his position in this proceeding, petitioner is not entitled to any unused excess profits credit adjustment for the year 1943. If petitioner is correct in its position, it is agreed that there should be a determination of a deficiency in income tax for the year 1943 of $47,812.42 and an overassessment in excess profits tax for the year 1943 of $62,444.55, exclusive of post war refund of $2,882.63. It is agreed that said overassessment is not barred by the statute of limitations. If respondent is correct in his position, it is agreed that the determination made in the statutory notice of a deficiency in excess profits tax for the year 1943 in the amount of $114,176.94, and an overassessment in income tax for such year in the amount of $30,686.02, is correct. We find the facts as agreed above.

The question for our determination is whether petitioner is entitled to have its unused excess profits credit adjustment for 1943 computed in accordance with the basis of its predecessor corporation for the assets acquired from such predecessor on January 1, 1935, under the provisions of section 121 of the Revenue Act of 1943. That section provides, in general, for the use by a successor corporation of the basis of its predecessor corporation if the successor acquired title through bankruptcy proceedings (as is agreed was the case here); and subsection (e) provides that such provisions "* * * shall be deemed to be included in the revenue laws respectively applicable to the taxable years beginning after December 31, 1933." The subsection, however, proceeds: "but shall not affect any *tax liability* for any taxable year beginning prior to January 1, 1943." (Italics supplied.) The petitioner's point here, therefore, is that to compute its unused excess profits tax credit for 1941 and 1942 by use of its pred-

ecessor's basis, as permitted by section 121 of the 1943 Act, and, under section 710 (c) (3) (B) to carry such unused excess profits credit forward and use it in 1943, the taxable year, does not "affect any tax liability" in any way for 1941 or 1942, so that petitioner is free, for 1943, to compute its unused excess profits credit carried forward from 1941 and 1942 by the use of predecessor's basis. In other words, petitioner argues that it is entitled to have its unused excess profits credit carryovers from 1941 and 1942, and resulting unused excess profits credit adjustment for 1943 "computed as if Section 112 (b) (10) and Section 113 (a) (22) [providing use of predecessor's basis] were a part of the Internal Revenue Code in effect in 1941 and 1942." The petitioner points out that Regulations 111, section 29.113 (a) (22), provides that with the exception indicated (that the basis shall have no effect in determination of tax liability for years prior to 1943) "the basis so prescribed is applicable both for income and excess profits tax purposes from the date of acquisition of such property." The respondent, however, takes the view that, under the definition of "unused excess profits credit" contained in section 710 (c) (2) of the Internal Revenue Code, the unused excess profits credit for 1941 and 1942 (proposed to be carried forward to 1943 and there used) must be "computed on the basis of the excess profits credit *applicable to such taxable year*" (italics supplied), i. e., 1941 or 1942; therefore, since the actual basis of excess profits credit applicable to 1941 and 1942 was not the predecessor's basis, here sought by the petitioner, the predecessor's basis can not be used in computing the excess profits credit for 1943; and that to permit application of petitioner's theory would be indirectly to affect the tax liability of 1941 and 1942, contrary to the exception provided in section 121 (e) of the Revenue Act of 1943 to the use of the predecessor's basis.

The petitioner may not, the respondent argues, construct hypothetical unused excess profits credits for 1941 and 1942 to use in 1943, but says that the statutory scheme was to give the taxpayer benefit, by way of a carry-over, of that credit which was actually available to it in the earlier year.

The question is new, as the parties agree. Neither suggests any case as bearing directly upon it. The petitioner, however, cites, by way of analogy, *Commissioner* v. *Moore, Inc.*, 151 Fed. (2d) 527, affirming 4 T. C. 404. Therein the court held petitioner's net loss carry-over from 1941 to 1942 could be determined by refiguring net operating losses which had for 1941 been figured on a basis which was changed by provisions of section 150 (e) of the Revenue Act of 1942. That section provided (in effect by omitting mention of "long" or "short term" as to capital gains and losses) for a change in treatment of capital gains and losses in determining net operating loss carry-over to another year. The statute provided that it was

applicable "with respect to taxable years beginning after December 31, 1941," and, since 1942 was the taxable year being considered, the court disagreed with the idea that refiguring the net operating loss to be carried over from 1941 would produce a net loss which had not in truth existed. In our view, the *Moore* case is in principle applicable here. The petitioner, because of the new basis provided by section 121 of the 1943 Act, seeks to refigure the "unused excess profits credit" which is to be carried forward from 1941 and 1942 to 1943, the taxable year. Section 121 provides expressly as to the effective date (of the changes in basis of property acquired in bankruptcy) and says those changes shall be deemed included in the revenue acts after 1933. The taxpayer, computing its tax for 1943, therefore, properly used the changed basis. Section 121 provided only, as exception, that such changes should not affect tax liability for years prior to 1943. But the petitioner's computation does not in any way affect petitioner's tax liability for 1941 or 1942. It is simply upon a basis differing from the basis used for those years—changed by the 1943 statute, expressly providing the change for previous years. The respondent's contention that there is to be found in the definition of the "unused excess profits credit" here involved, the requirement that it be "computed on the basis of the excess profits credit applicable to such taxable year" as stated in section 710 (c) (2) does not overcome petitioner's contention, for section 121 (e) of the 1943 Act makes the change in basis "applicable to taxable years beginning after December 31, 1933," and, therefore, applicable to 1941 and 1942. The changed basis, being applicable to those years, affirmatively appears applicable in computing "unused excess profits credits" for those years under the definition thereof, and since the result does not "affect any tax liability" for 1941 or 1942, for only tax liability for 1943 is affected, no reason can be seen for not allowing the recomputation of the unused excess profits credit for those years for the mere purpose of the carry-over to 1943. Regulations 111, section 29.113 (a) (22), referring to the exception that the new basis shall not affect tax liability prior to 1943, states that "with the exception indicated, the basis so prescribed is applicable both for income and excess profits tax purposes from the date of acquisition of such property"; from which we see that the instant conclusion, in the excess profits tax field, is within the ambit of the Treasury regulations, provided only that it is concluded, as we have, that there is no tax effect on the years from which comes the carry-over of unused excess profits credit. *Reo Motors, Inc.,* 9 T. C. 314; affd., 170 Fed. (2d) 1001, is mentioned and distinguished from the *Moore* case by the petitioner on the ground that there was, with respect to the statute involved in the *Reo* case, no provision for retroactive effect as here, and petitioner further points out that this Court distinguished the *Moore* case in that it

involved treatment of capital gains and losses, whereas the *Reo* case involved a change in the character thereof from a capital asset to a noncapital asset. The United States Court of Appeals referred to the change in character. The respondent does not rely upon or suggest the *Reo* case. We consider it inapplicable here.

We conclude and hold that petitioner did not err in computing for 1943 its unused excess profits credits, carried over from 1941 and 1942, on the new basis provided by section 121 of the Revenue Act of 1943. Therefore, in accord with the stipulation of the parties,

> *Decision will be entered that there was an overpayment of excess profits tax for the year 1943 in the amount of $62,444.55. No deficiency was determined in income tax, and, for lack of jurisdiction, no decision will be entered with respect to income tax.*

Reviewed by the Court.

---

Black, *J.*, dissenting: I am unable to agree with the conclusion reached in the majority opinion wherein it holds that petitioner, in computing unused excess profits credits for 1941 and 1942 to be carried forward and used in computing its 1943 excess profits tax, is entitled to reconstruct excess profits credits for 1941 and 1942 by using its predecessor's basis as provided in section 121, Revenue Act of 1943. Section 121 of the Revenue Act of 1943 relates generally to the "Reorganization of Certain Insolvent Corporations" and contains numerous provisions.

The majority opinion states respondent's position, in part, as follows:

The petitioner may not, the respondent argues, construct hypothetical unused excess profits credits for 1941 and 1942 to use in 1943, but says that the statutory scheme was to give the taxpayer benefit, by way of a carry-over, of that credit which was actually available to it in the earlier year.

I agree with respondent. Where does the petitioner get the right to use in 1943 unused excess profits credit carry-overs from 1941 and 1942? It gets it from section 710 (c) of the Internal Revenue Code. The pertinent part of section 710 (c) (2) of the code with which we are here concerned reads:

(2) Definition of unused excess profits credit.—The term "unused excess profits credit" means the excess, if any, of the excess profits credit for any taxable year beginning after December 31, 1939, over the excess profits net income for such taxable year, computed on the basis of the excess profits credit *applicable to such taxable year*. * * * [Italics supplied.]

It seems to me that what petitioner wants to do in the instant case is to recompute its excess profits credit on a basis which was not applica-

ble when it filed its excess profits tax returns for 1941 and 1942 and relies upon section 121 of the Revenue Act of 1943 as justification for this action. The majority opinion approves. I do not think the enactment of section 121 had any such purpose in mind, nor do I think it has that effect. As I have already stated, section 121 of the Revenue Act of 1943 relates generally to the reorganization of certain insolvent corporations. The Senate Finance Committee Report, No. 627, Dec. 22, 1943, to accompany H. R. 3687, says of this section (then section 115, later section 121 in the conference report), among other things, as follows:

This section, for which there is no corresponding section in the House bill, amends existing law to provide equality of tax treatment for all corporations undergoing insolvency reorganization under court supervision. The tax treatment provided includes the rules with respect to gain or loss and basis of assets which shall be used both for the determination of depreciation and gain or loss on subsequent sale, and *for the determination of credit for excess profits tax purposes.* * * * [Italics supplied.]

It is true, of course, that under section 121 the petitioner has a right to use its predecessor's basis in determining its excess profits credit for 1943. That was one of its purposes. The Commissioner does not dispute that fact and has, as I understand it, computed petitioner's excess profits credit for 1943 by the allowance of its predecessor's basis. But he does dispute the right of petitioner to compute a hypothetical excess profits credit carry-over for each of the years 1941 and 1942 and substitute this hypothetical carry-over for the actual carry-over which petitioner did have in those years and bring forward this hypothetical excess profits carry-over and use it as a credit in 1943. I do not think the provisions contained in section 121 (e) of the 1943 Act making changes in basis "applicable to taxable years beginning after December 31, 1933," warrant any such result.

I think the provisions upon which the majority opinion relies in support of its conclusion reached were intended, as the Senate Finance Committee Report says: "The tax treatment provided includes the rules with respect to gain or loss and basis of assets which shall be used both for the determination of depreciation and gain or loss on subsequent sale, and for the determination of credit or excess profits tax purposes." The provisions in question mean, I think, that, regardless of when the property was acquired from a predecessor, if it was acquired subsequent to 1933 the provisions of section 121 apply for the purpose of determining gain or loss on the sale or exchange of such property or for depreciation or for the determination of excess profits tax purposes in years *beginning* with January 1, 1943.

But as I have already stated, I do not think these provisions have any effect to change the provisions of section 710 (c) (2) which specifically define what shall constitute "unused excess profits credit." These I

think are unaffected by section 121 in so far as years prior to 1943 are concerned. I think the Commissioner's action in so holding should be approved.

*Commissioner* v. *Moore, Inc.*, 151 Fed. (2d) 527, affirming 4 T. C. 404, upon which the majority relies, involved an entirely different statute and, for the reasons which I have set forth above, I do not think it is in point here.

TURNER and HILL, *JJ.*, agree with this dissent.