*Decision will be entered under Rule 50.*

HERBERT J. KENT AND EMILY P. KENT, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71564. Filed October 10, 1960.

*Charles W. Froehlich, Jr., Esq.*, for the petitioners.
*Edward M. Fox, Esq.*, for the respondent.

### OPINION.

DRENNEN, *Judge:* Respondent determined a deficiency in petitioners' income tax for the calendar year 1953 in the amount of $2,813.30.

The sole issue is whether, in computing the net operating loss deduction for 1953, a net operating loss carryback from the calendar year 1955 to the calendar year 1953 must be reduced by 50 per cent of the long-term capital gains realized in 1953. This in turn depends on whether the Internal Revenue Code of 1939 or the Internal Revenue Code of 1954 governs the computation of the 1953 operating loss deduction arising from a carryback of a net operating loss sustained in 1955.

The facts are fully stipulated and are so found.

Petitioners Herbert J. Kent and Emily P. Kent, husband and wife, filed a joint income tax return for the calendar year 1953 with the district director of internal revenue, Los Angeles, California.

This return showed an adjusted gross income of $38,265.45 and net income of $37,367.27. Petitioners realized and reported a net long-

term capital gain in 1953 in the amount of $37,600, of which amount 50 per cent, or $18,800, was properly deducted from gross income. After deducting personal exemptions of $1,800, petitioners' tax computed on the balance was $13,629.66, which was paid.

In their joint income tax return for the calendar year 1955, petitioners reported a net operating loss of $5,106.20 before deduction for personal exemptions. With the exception of this loss, no other net operating loss carrybacks or carryovers are involved in the determination of the correct tax liability of petitioners for the calendar year 1953.

On January 31, 1956, petitioners filed with the district director of internal revenue, Los Angeles, an application for a tentative carryback adjustment for the year 1953 on Form 1045 based on the net operating loss suffered in the calendar year 1955. This claim was allowed and a refund of 1953 taxes in the amount of $2,813.30 was paid on April 27, 1956. Upon subsequent audit, respondent determined that petitioners' 1955 net operating loss should have been reduced by the amount of petitioners' 1953 capital gains deduction before being applied as a deduction against 1953 income. Since petitioners' capital gains deduction in 1953 amounted to $18,800, which is in excess of the amount of the 1955 net operating loss, respondent reduced the net operating loss carried back from 1955 to zero, and determined that there was a deficiency in respect to petitioners' 1953 income tax in the amount of the $2,813.30 refund previously granted.

The dispute arises because section 172 of the 1954 Code, which provides for the net operating loss deduction under the 1954 Code, does not require that the aggregate net operating loss carryovers and carrybacks to the taxable year be reduced by certain adjustments which are required in computing the amount of the net operating loss deduction under section 122(c) of the 1939 Code.

Petitioners' argument is based on the proposition that the carryback of a net operating loss for the calendar year 1955 to the calendar year 1953 is allowable under section 172 of the 1954 Code,[1] and that

---

[1] SEC. 172. NET OPERATING LOSS DEDUCTION.

(a) DEDUCTION ALLOWED.—There shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year. For purposes of this subtitle, the term "net operating loss deduction" means the deduction allowed by this subsection.

(b) NET OPERATING LOSS CARRYBACKS AND CARRYOVERS.—

\* \* \* \* \* \* \*

(2) AMOUNT OF CARRYBACKS AND CARRYOVERS.—Except as provided in subsection (f), the entire amount of the net operating loss for any taxable year (hereinafter in this section referred to as the "loss year") shall be carried to the earliest of the 7 taxable years to which (by reason of subparagraphs (A) and (B) of paragraph (1)) such loss may be carried. The portion of such loss which shall be carried to each of the other 6 taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried.

**32**

the amount thereof that is to be used in computing the 1953 net operating loss deduction must be determined under the 1954 Code. They point out that section 172(b) provides that the entire amount of the net operating loss for any taxable year shall be carried to the earliest year to which such loss may be carried and that only in computing the amount of the loss that may be carried to subsequent years does that section require that any adjustments be made to the income of prior years. They also note that section 172(e), which provides that any necessary computations involving any other taxable year shall be made under the law applicable to such other taxable year, is applicable only to determine the amount of any net operating loss carryover or carryback to any taxable year, and does not specify that in computing the amount of the net operating loss deduction for another year to which such net operating loss shall be carried the computation shall be made under the law applicable to the deduction year. Petitioners then argue that there is nothing in section 172 of the 1954 Code which would require any reduction of their 1955 net operating loss, the amount of which is not in dispute, in computing their 1953 net operating loss deduction, pointing out that section 172(a) allows as a deduction for the taxable year an amount equal to the aggregate of the net operating loss carryovers and carrybacks to such year, unreduced by any adjustments.

We agree with petitioners that computation of the amount of the net operating loss for 1955 which may be carried back to 1953 must be governed by section 172 of the 1954 Code, *Reo Motors* v. *Commissioner*, 338 U.S. 442 (1950); *Cambria Collieries Co.*, 10 T.C. 1172 (1948); but in our opinion both the allowance of the net operating loss deduction for the year 1953 and computation of the amount thereof are governed by the law applicable to the year 1953, being

---

For purposes of the preceding sentence, the taxable income for any such prior taxable year shall be computed—

(A) with the modifications specified in subsection (d) other than paragraphs (1), (4), and (6) thereof; and

(B) by determining the amount of the net operating loss deduction without regard to the net operating loss for the loss year or for any taxable year thereafter, and the taxable income so computed shall not be considered to be less than zero.

\*     \*     \*     \*     \*     \*     \*

(c) NET OPERATING LOSS DEFINED.—For purposes of this section, the term "net operating loss" means (for any taxable year ending after December 31, 1953) the excess of the deductions allowed by this chapter over the gross income. Such excess shall be computed with the modifications specified in subsection (d).

\*     \*     \*     \*     \*     \*     \*

(e) LAW APPLICABLE TO COMPUTATIONS.—In determining the amount of any net operating loss carryback or carryover to any taxable year, the necessary computations involving any other taxable year shall be made under the law applicable to such other taxable year. The preceding sentence shall apply with respect to all taxable years, whether they begin before, on, or after January 1, 1954.

sections 23(s)[2] and 122[3] of the 1939 Code, unless there is something in the provisions of the 1954 Code which would specifically dictate otherwise. We have found nothing in the 1954 Code provisions which states or even implies that the net operating loss deduction or computation of the amount thereof for years beginning prior to December 31, 1953, should be governed by the 1954 Code.

True, section 172(a) of the 1954 Code allows as a deduction for any taxable year to which it is applicable an amount equal to the aggregate of the net operating loss carryovers and carrybacks to that year, unreduced by any adjustments such as are required under section 122 of the 1939 Code. But section 7851(a) of the 1954 Code specifically provides that chapter 1 of subtitle A of the 1954 Code, which includes section 172, shall apply only with respect to taxable years beginning after December 31, 1953; and the fact that the amount of the net operating loss for the year 1955 which may be carried back to 1953 must be computed under the 1954 Code does not make the net operating loss *deduction* provisions of the 1954 Code applicable to years prior to 1954.

Under section 122(c) of the 1939 Code, the amount of the net operating loss deduction for the year 1953 would be the entire net operating loss for the year 1955, as computed under the 1954 Code, but reduced by the amount by which the net income for the year 1953, computed with the exceptions and limitations provided in section 122(d)(1), (2), (3), and (4), exceeds the net income for 1953 computed without such exceptions and limitations. Section 122(d)(4), when read together with sections 23(ee) and 117(b) of the 1939 Code, provides that, for purposes of the section 122(c) computations, no deduction shall be allowed for 50 per cent of net long-term capital gains. It follows that the net operating loss carryback of $5,106.20 from 1955 to 1953 must be reduced by the $18,800 long-term capital gains deduction used in computing petitioners' 1953 net income, to

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

(s) NET OPERATING LOSS DEDUCTION.—For any taxable year beginning after December 31, 1939, the net operating loss deduction computed under section 122.

[3] SEC. 122. NET OPERATING LOSS DEDUCTION.

(c) AMOUNT OF NET OPERATING LOSS DEDUCTION.—The amount of the net operating loss deduction shall be the aggregate of the net operating loss carryovers and of the net operating loss carrybacks to the taxable year reduced by the amount, if any, by which the net income (computed with the exceptions and limitations provided in subsection (d)(1), (2), (3), and (4)) exceeds, in the case of a taxpayer other than a corporation, the net income (computed without such deduction), or, in the case of a corporation, the normal-tax net income (computed without such deduction and without the credits provided in section 26 (h) and (i)) ;

(d) EXCEPTIONS, ADDITIONS, AND LIMITATIONS.—The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows:

\* \* \* \* \* \* \*

(4) The amount deductible on account of losses from sales or exchanges of capital assets shall not exceed the amount includible on account of gains from such sales or exchanges. The deduction provided in section 23(ee) shall not be allowed.

arrive at the allowable net operating loss deduction for the year 1953. Inasmuch as the resulting amount is zero, respondent was correct in disallowing a net operating loss deduction to petitioners for the year 1953, and his determination must be sustained.

We think the above conclusion is supported by the rationale of *Reo Motors* v. *Commissioner*, *supra*, and *Cambria Collieries Co.*, *supra*, and statements made possibly as dicta in those opinions, by section 1.172–1(e), Income Tax Regs.,[4] and by the legislative history of section 172 of the 1954 Code, found in S. Rept. No. 1622, 83d Cong., 2d Sess. pp. 213–214; H. Rept. No. 1337, 83d Cong., 2d Sess., p. A57; Conference Report, H. Rept. No. 2543, 83d Cong., 2d Sess., p. 30; and in the report of the hearings before the Senate Finance Committee on H.R. 8300, 83d Cong., pt. 1, p. 626, and pt. 3, p. 1418. While reference to the legislative history may not be necessary, we found it helpful in determining whether petitioners' interpretation of section 172 of the 1954 Code was considered or could have been intended by Congress, and is justified. *United States* v. *Amer. Trucking Ass'ns.*, 310 U.S. 534, 543–544.

*Decision will be entered for the respondent.*

---

[4] Income Tax Regs., sec. 1.172–1(e) *Law applicable to computations.*—(1) *General.*—The following rules shall apply to all taxable years without regard to whether they began before, on, or after January 1, 1954:

(i) In determining the amount of any net operating loss carryback or carryover to any taxable year, the necessary computations involving any other taxable year shall be made under the law applicable to such other taxable year.

(ii) The net operating loss for any taxable year shall be determined under the law applicable to that year without regard to the year to which it is to be carried and in which, in effect, it is to be deducted as part of the net operating loss deduction. In applying this rule, however, certain taxable years subject to the 1939 Code shall, to the extent provided in paragraphs (a) and (c) of § 1.172–2 and paragraphs (a) and (e) of § 1.172–3, be treated as though subject to the 1954 Code.

(iii) The amount of the net operating loss deduction which shall be allowed for any taxable year shall be determined under the law applicable to that year.