Clyde L. and Effie M. PATTON, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 14656.

United States Court of Appeals
. Sixth Circuit.

June 12, 1962.

Rehearing Denied July 13, 1962.

George A. Hrdlicka, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Myron C. Baum, Attys., Dept. of Justice, Washington, D. C., Thomas L. Robinson, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., on the brief), for appellant.

Thomas F. Johnston, Hubert A. McBride, Memphis, Tenn. (Armstrong, McCadden, Allen Braden & Goodman, Memphis, Tenn., of counsel), for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

This case involves solely a question of law whether the statute of limitations under the Internal Revenue Code of 1954 or the period of limitation provided by the Internal Revenue Code of 1939 applies to a refund claim involving a net operating loss suffered in 1955, and carried back to 1953.

Taxpayers had timely filed their income tax return for 1953 and paid the tax thereon amounting to $17,787.20. In 1955, they sustained a net operating loss, which, under the 1954 Code, they were entitled to carry back to 1953, and was sufficient in amount to wipe out the net income which they had reported for 1953. They filed their claim for refund of 1953 taxes on April 13, 1959 which was rejected by the District Director on the ground that it had not been filed by March 15, 1959 as provided by Section 322(b) (6) of the Internal Revenue Code of 1939. 26 U.S.C. 1952 ed. § 322 (b) (6). Suit for refund was then filed in the District Court resulting in a judgment in their favor against the Government.

It is the taxpayers' position that the time for filing their claim for refund was fixed by Section 6511(d) (2) (A) of the Internal Revenue Code of 1954, 26 U.S.C. 1958 ed. § 6511(d) (2) (A), as amended by the Technical Amendments Act of 1958 (Section 82(d)), made retroactive to January 1, 1954, under which they had forty months which ended on April 15, 1959 and consequently their claim for re-

fund filed on April 13, 1959 was timely filed.

No case involving the precise point has been cited to us.

The 1939 Code provided a loss carryback for only one year. The authority for the two-year carryback in question was derived solely from the 1954 Code. The amount of the carryback was computed under the 1954 Code. When the carryback was made the taxes were then to be recomputed under the 1939 Code. Kent v. Commissioner, 35 T.C. 30 (1960); Reo Motors v. Commissioner, 338 U.S. 442, 70 S.Ct. 283, 94 L.Ed. 245 (1950).

Since the right to the claim was created under the 1954 law, we think the remedy provided for under that law should be applied. We do not believe that Congress intended different periods of limitation for refund claims under the two tax laws which would do nothing but create confusion. It seems to us, rather, that Congress intended to extend the applicable time one month with respect to both the filing of returns and the limitation for refunds and that the same limitation should apply under either code.

The Government contended that Section 6511(d) (2) (A) applied only to taxes imposed by the 1954 Code. It will be noted, however, that Section 7851(a) (6) (B) of the 1954 Code contains the following language:

"On and after January 1, 1955, the provisions of subchapter A of * * chapter 65 [relating to abatements, credits and refunds] of this title shall be applicable to *all internal revenue taxes (whether imposed by this title or by the Internal Revenue Code of 1939)* * * *." (emphasis added)

By these provisions, the 1954 Code was to govern refunds whether the taxes were imposed under either code.

It follows that the District Court was correct in rendering judgment in favor of the taxpayers which is hereby affirmed.

CECIL, Circuit Judge (dissenting).

The taxes paid by the appellees, the recovery of which were the subject of the action in the District Court, were obviously imposed under the 1939 Code. The loss sustained in 1955, which is the subject of the carryback, was calculated under the 1954 Internal Revenue Code. The loss carryback to 1953 was authorized under the 1954 Code. (Sec. 172(b) (1) (A) as in effect at the time of and applicable to this case.)

The loss carryback feature of the income tax law is based on a fiction that the loss in fact occurred in the year to which it was carried back. "The purpose of the 'carryback,' or 'carry-over,' privilege is to allow a taxpayer some equivalent for the fact that he has not been able to reduce his tax by a loss, because he has had no income in that year against which to credit it; and the only practicable equivalent is by fiction to treat the loss as a deduction from his income in an earlier, or a later, year." Commissioner of Internal Revenue v. VanBergh, 209 F.2d 23, 25, C.A.2; Phoenix Coal Co. v. Commissioner of Internal Revenue, 231 F.2d 420, C.A.2. It is to be noted that the fiction is that the loss of 1955 occurred in 1953 and not that the income of 1953 was earned in 1955. In the above cited cases, it was held that for the purpose of carrying back the loss the Commissioner could recompute the taxes for the year to which the loss was carried. It thus appears that the subject of this action is the 1953 taxes imposed under the 1939 Code. It follows therefore that the recovery of these taxes must be under the law as it was at the time the taxes were imposed, unless that law has been repealed. The taxpayers are in the same position as they would be if they were asking for a recomputation of their 1953 taxes. They can no more apply the 1954 Code limitation to their claim here than they could ask for a recomputation of the 1953 taxes under some new benefit of the 1954 Code.

The appellees point to section 7851(a) (1) subtitle (A) as repealing the provisions of the 1939 Code. This position is without support so far as it applies to the limitation of a carryback to the 1939 Code. Subdivision (a) (6), subtitle F (A), provides, "The provisions of sub-

title F shall apply with respect to any tax imposed by the Internal Revenue Code of 1939 only to the extent provided in subparagraphs (B) and (C) of this paragraph." This in effect means that the provisions of subtitle F shall not be applicable to the Internal Revenue Code of 1939 unless specifically stated. There is nothing in these paragraphs which makes the limitation of section 6511 of the 1954 Code applicable to refunds of taxes imposed by the 1939 Code.

In support of the claim that the limitation of section 6511(d) (2) (A) applies to the taxes imposed by the 1939 Code, which are involved here, the majority opinion refers to and quotes from section 7851(a) (6) (B). This is to the effect that on and after January 1, 1955, the provisions of Subchapter A of *Chapter 65*, relating to abatements, credits and refunds, shall be applicable to all internal revenue taxes whether imposed by the Internal Revenue Code of 1954 or 1939. It should be noted that section 6511(d) (2) (A) is not in *Chapter 65* but it is in *Chapter 66*. Chapter 65 does not include the recovery of taxes based on a carryback loss. It is my view that the conclusion of the majority of the Court, "By these provisions, the 1954 Code was to govern refunds whether the taxes were imposed under either Code," is not warranted.

As stated in the majority opinion, no cases exactly in point have been cited nor have I found any from my own research. In Kent v. Commissioner, above cited, it was held that a loss carryback from 1955 to 1953 required the computation of the amount of the deduction under the 1939 Code.

I conclude that the taxes involved in this action were imposed and arise out of taxes calculated and determined under the 1939 Internal Revenue Code and that section 322(b) (6) of the 1939 Code was in effect as to the recovery of taxes imposed under that Code.

It follows that the claim of the taxpayers was not timely filed and that the District Court was without jurisdiction to hear and determine the issues presented in the complaint.

ORDER.

On Petition for Rehearing.

The Government, in its Petition for Rehearing, disagrees with this Court's holding that the 1954 Code applies because, among other things, of the exceptions contained in section 7851(a) (6) (B). It is argued that the present case relates to periods of limitations and not to claims for refunds, therefore the applicability of the limitations statute, section 6511(d) (2) (A), is the sole issue before us. The Government emphasizes the following language contained in the dissenting opinion:

"It should be noted that section 6511(d) (2) (A) is not in *Chapter 65* but is in *Chapter 66*. Chapter 65 does not include the recovery of taxes based on a carryback loss."

The Government seeks to construe the statutes on the basis of the chapters in which they are contained. This method of construction does not appear to conform to section 7806(b) of the 1954 Code, which provides:

"Arrangement and classification. —No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title * * *."

Appellant also cites the recent case of Kaltreider Construction, Inc. v. United States, 303 F.2d 366 (C.A.3, 1962), wherein the Third Circuit held that the 1939 Code applied even though the claim for refund was filed when the 1954 Code was in effect. The cited case is distinguishable from the case herein for three reasons. First, in Kaltreider, the refund claim did not involve a carryback loss authorized by the Internal Revenue Code of 1954, as does the present case. Second, all of the parties in Kaltreider agreed that section 322 of the 1939 Code

applied,[1] whereas in the instant case this is the very question in issue. Third, the questions raised in the cited case were when section 322 commences and whether it is tolled by pending litigation. The problem before this Court does not relate to the commencement and tolling of a statute of limitations, but is rather which of two different limitation statutes applies.

IT IS ORDERED that the Petition for Rehearing be denied.

CECIL, Circuit Judge, adheres to the views expressed in his dissenting opinion.

---

1. The Court's opinion states: "The facts are undisputed and both the taxpayer and the Government agree that the statute applicable to the case is section 322 of the Internal Revenue Code of 1939."