## MORAINE HOTEL CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 4279.

Circuit Court of Appeals, Seventh Circuit.

June 19, 1930.

Rehearing Denied Aug. 19, 1930.

Frederick D. Silber, of Chicago, Ill., for petitioner.

Morton K. Rothschild, of Baltimore, Md., for respondent.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge.

Petitioner is here to review the rulings of the Board of Tax Appeals respecting an assessment of taxes against it for the years 1920, 1921, and 1922. A single question is involved. Petitioner feels aggrieved at the action of the Commissioner, sustained by the Board of Tax Appeals in making an additional deduction of $31,390.29 for depreciation which occurred during the years 1909–1916. This deduction reduced petitioner's invested capital for these three years involved and increased its taxes. Its excess profits tax was increased, and its depreciation deduction was reduced.

Respondent argues that the amount of depreciation for the period (1909–1916) was an issue of fact upon which the Board heard evidence and made findings which findings are binding on this court unless unsupported by the testimony. Reinecke v. Spalding, 280 U. S. 227, 50 S. Ct. 96, 74 L. Ed. 385.

Petitioner admits that the Board heard evidence and made findings of fact and conclusions of law, admits that such findings are presumptively correct, admits that it has the burden of proving the incorrectness of such findings, and admits that such burden can only be met by clear and persuasive evidence. It contends, however, that the evidence conclusively proved that adequate depreciation charges were in fact made for the period of 1909–1916 (though not so called) and, moreover, petitioner contends the Board made special findings to that effect.

The evidence is not much involved (though we cannot agree with counsel that it is free from conflict or that conflicting inferences might not be drawn from it). Petitioner has since 1900 been conducting a hotel in Chicago. For a few years it was open during the summer only. It has been twice enlarged and for many years has been open the year around. It was at first an unsuccessful venture, but its business steadily improved. Its books of account covering the first ten years have been destroyed. (No adverse inferences should be drawn from this fact in view of satisfactory explanation.) Oral evidence was received which gave a rather complete history of the enterprise for that period. The records, since that date, sustain petitioner's contention that, while it did not charge off any sum for depreciation as such (save once in 1913 when $7,773.33 was so charged), it did expend much money constantly in repairing and renewing the furniture and fixtures, etc., and charged the same to wages. No objection to this practice is made or can be legitimately offered, provided the amount thus charged was equal to the actual depreciation. Petitioner asserts that the sums thus charged to wages equaled the actual depreciation.

Respondent insists that such sums were inadequate to meet the depreciation.

Our study of the evidence convinces us that petitioner has not met the burden resting upon it to establish error in the Board's conclusion. In disposing of the case the Board said:

"The fact that it had currently claimed depreciation in prior years in the amount determined by the respondent, instead of that shown by the books, handicaps the petitioner at the outset, as such fact is pertinent and weighty, though not conclusive, evidence of the amount of depreciation actually sustained. That is, petitioner is now attempting to show that the depreciation deducted was excessive to the extent it exceeded the amount recorded on the books, despite the fact that the deductions did not, presumptively, represent petitioner's best judgment currently exercised during the years under discussion."

Moreover, the record contains certain computations based upon the so-called straight line depreciation method which lead to the conclusion that petitioner did not, by the method it pursued, charge off enough for depreciation during the period from 1909–1916. At least these computations leave the issue a disputed one. Being in dispute, we are not justified in disturbing the Board's conclusion.

Petitioner also relies on the statute of limitations as a bar to the assessment of these taxes. The only bar recognized by the statute is one that goes to the right to make the assessment. This statute does not deny respondent the right to go back indefinitely to examine the taxpayer's books and records to ascertain the amount of depreciation which should be allowed for the year for which a tax may be assessed.

The petition is denied, and the order of the Board of Tax Appeals is

Affirmed.