## MARTIN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 66.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1932.

Frank J. Maguire, of Buffalo, N. Y. (Albrecht, Maguire & Mills, of Buffalo, N. Y., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Whitney North Seymour, and F. Edward Mitchell, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and J. E. Marshall, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The taxpayer seeks a review of the income taxes assessed against him for the years 1926 and 1927. His petition is filed pursuant to the Revenue Act of 1926, chapter 27, 44 Stat. 9, §§ 1001–1003 (26 USCA § 1224 and note, and §§ 1225, 1226). The question involved is whether, under the provisions of the Revenue Act relating to installment sales, a taxpayer may spread a loss on a sales contract over a term of years in proportion to the payment received, or he must take his loss only in the year in which it occurred.

During the taxable year 1926, the petitioner owned 17,000 shares of common and 20,000 shares of preferred stock of a corporation which he had acquired prior to March 1, 1913. Its fair market value then was $1,933,328. He sold all this stock to the corporation in 1925 for $1,670,000 sustaining a loss thereon of $263,328. The contract of sale in 1925 provided for a cash payment of $170,000 for the common stock and the part payment of $200,000 for the 20,000 shares of preferred stock; the balance of the sale price of $1,300,000 being represented by 26 notes of the corporation bearing interest at 5 per cent. payable over a period of five years with an option of payment in full with interest on any interest date.

In his income tax return for 1925, the petitioner claimed as a deduction that part of the total loss which the payments received in that year bore to the total sale price. But the Commissioner, over the objection of the petitioner, allowed the entire loss in the year 1925. During the taxable year 1926, petitioner received payment of $300,000 on the notes, and in his return for that year he claimed as a deduction that part of the total loss which the payment of $300,000 received bore to the total sale price of $1,670,000 or $300/1670 of the total loss, or $47,304.24. This was disallowed for the year 1926 as a deductible loss. In 1927, payments were received on the notes amounting to $700,000, and, in his income tax return for that year, the petitioner claimed a deduction of $110,363.40 representing $700/1670 of the total loss. This also was disallowed.

Section 212 (d) of the Revenue Act of 1926 (26 USCA § 953 (d)) grants a privilege to the taxpayer in returning net income on the installment basis in case of a sale on like basis, which, prior to its enactment, was required to be reported either as cash receipts and disbursements or on an accrual basis. It makes no reference to losses, but the petitioner contends that he is entitled to spread his loss incurred in the sale of the stock over the period covered by the installment payments. The sale was completed and the loss ascertained when in 1925 the stock was transferred and cash and notes were received in payment therefor. The loss then was known to be the difference between the fair market value on March 1, 1913, and the sale price. There can be no deduction for losses unless provision is made in the statute. Sections 210 and 211 of the Revenue Act of 1926 (26 USCA §§ 951 note, 952 note) make provisions for normal and surtaxes upon net income of every individual. Section 214 of the act (26 USCA § 955 and note) defines allowable deductions to which the taxpayer is entitled, and deductions are allowed for losses sustained during the taxable year if incurred in any transaction entered into for profit though not connected with his trade or business. Section 212 (d) makes provision for the return of income upon regulations to be prescribed by the Commissioner where a dealer sells his personal property for installment payments.

Moreover, the section provides that, in case of a casual sale of personal property at a price exceeding $1,000 and the initial pay-

944

ments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner, be returned on the installment basis. Nowhere in this provision are losses mentioned. The statute limiting the thing to be done in a particular mode includes the negative of any other mode. Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379. Ordinary losses are deductible only in the year in which they are sustained. Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538. The general principle underlying income tax statutes since the Sixteenth Amendment was adopted has been a computation of gains and losses on the basis of annual accounting for the transactions of the year. Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383. In order to support a right to deduct over a period of years a loss sustained in a particular year, there must be some authority therefor in the statute permitting the deduction, or otherwise the general principle of an annual accounting for tax purposes must be applied. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128. The income tax law is concerned only with realized losses as well as realized gains. Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720. The transaction here was completed and the loss definitely fixed in 1925. Lewellyn v. Elec. Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262; Dresser v. United States (Ct. Cl.) 55 F.(2d) 499, 512.

Nor is there substance in the argument that income as used in section 212 (d) of the Revenue Act of 1926 may be either negative or positive and thus that the statute permitted the return of a loss on an installment sale as well as the return of profit. This interesting theory finds no support in the matter of taxation, and, whatever may be possible as to the concept of negative income, it is academic in so far as the administration of the provisions of this Revenue Act is concerned. Levying taxes upon income is a practical matter, and does not take into account an absence of income or negative income. Woolford Realty v. Rose, 286 U. S. 319, 327, 52 S. Ct. 568, 76 L. Ed. 1128.

Nor was there error committed in interpreting and applying article 45 of Regulations 62 promulgated under the Revenue Act of 1921 which authorized the return of income on installment sales of real estate. We think that section 212 (d) was designed to validate the regulations as applied to the periods prior to January 1, 1925. Section 212

(d) constituted legislative approval of the Commissioner's regulations. Natl. Lead Co. v. United States, 252 U. S. 140, 40 S. Ct. 237, 64 L. Ed. 496. Article 42 of Regulations 69, promulgated under the Revenue Act of 1926, relates to installment sales by dealers and also to casual sales of personal property. Nothing in the regulations relating to dealers indicates that losses on such sales could be returned as income, and in the specific provision relating to casual sales reference is made to return of income in the same terms as the reference is made in the statute, and it has the same meaning.

If a further loss occurred by a nonpayment of any of the notes accepted in payment, a question of further loss would be allowed in the year in which the note was found to be worthless and not paid.

Order affirmed.