**BOLICH, Internal Revenue Agent, v. RUBEL.**

**No. 66.**

Circuit Court of Appeals, Second Circuit.

Dec. 4, 1933.

Fred R. Angevine, of New York City, for appellant.

Harold Allen, of Washington, D. C., and Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., and Herbert H. Kellogg and Albert D. Smith, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Rubel, the plaintiff, was the president of several corporations who filed income tax returns for the years 1926–1929, inclusive. The Commissioner found a deficiency as to all these years and sent to the companies "60-day letters," to review which they filed petitions with the Board of Tax Appeals. In February, 1933, while these appeals were pending, the Commissioner sent a letter to the corporations in conformity with section 1105 of the Revenue Act of 1926, directing them to submit their books for a second examination. Upon their failure to comply, the defendant, the acting internal revenue agent in Brooklyn, executed a summons directed to Rubel to appear with the corporate books for examination (section 1104, Revenue Act of 1926, as amended by Revenue Act 1928, § 618 [26 USCA § 1247]), and got an order from a District Judge to the same effect (section 617 (a), Revenue Act of 1928, 26 USCA § 2617 (a). Rubel moved to vacate this order, alleging that the Commissioner had already once examined the books thoroughly, and that, pending the appeals, the Board of Tax Appeals alone had jurisdiction over the controversy and its incidents. The judge denied the motion, and Rubel appealed.

Pending an appeal, the Commissioner is forbidden to "determine any additional defi-

ciency" for the same year (section 274 (f), Revenue Act of 1926 [26 USCA § 1048d]); as a corollary, the Board may upon his demand increase the deficiency already "determined" and assess a tax upon it (section 274 (e) Revenue Act of 1926 [26 USCA § 1048c]). Thus the appeal is really a trial [Ohio Steel Foundry Co. v. U. S., 38 F.(2d) 144, 146, 147 (Ct. Cl.)]; the first indeed that takes place, for the proceedings before the Commissioner are not judicial. There is some force, therefore, in the argument that the Commissioner's power (section 1104, Act of 1926 [26 USCA § 1247]) to examine a taxpayer's books for the purpose of "determining" a deficiency should be suspended for as long as his power to "determine" the deficiency is itself suspended. A further reason is that the Board has itself full power to compel the production of evidence, documentary and testamentary, either at the hearing, or by deposition in preparation for it. Section 908, Act of 1924, as added by section 1000, Act of 1926 (26 USCA § 1220).

Nevertheless, we think that the Commissioner's power still persists pending the appeal. Properly, it is not a power to procure or perpetuate evidence at all; it is strictly inquisitorial, justifiable because all the facts are in the taxpayer's hands. Since the Commissioner may apply to the Board to increase the assessment, he may need to prepare his case in advance by a further examination, which is quite another matter from producing evidence in support of it. No doubt the power may be abused, but the taxpayer is to some extent protected by the fact that the Commissioner must demand the second examination in person (section 1105, Act of 1926 [26 USCA § 1248]), and because the court, before applying any sanctions under section 617 (a), would probably have power to prevent plain oppression, of which there was no evidence here.

██ The constitutional objections appear to us frivolous. A taxpayer may refuse to file any return whatever and take his chances; in that case he can probably stand upon his constitutional privileges against producing any evidence against himself. But, when he files a return, he subjects his affairs to the scrutiny of the Treasury, which cannot otherwise check his statements. That repeated scrutiny may become very irksome nearly everybody knows from experience; but no constitutional difficulties arise, none at least unless the abuse is far more crying than here.

Order affirmed.