STATE STREET TRUST CO. et al. v.
UNITED STATES.

Civ. A. No. 2614.

District Court, D. Massachusetts.

March 13, 1945.

468

Nichols & Boyer and J. A. Boyer, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and T. Carroll Sizer, Sp. Assts. to Atty. Gen., for defendant.

SWEENEY, District Judge.

The question here presented is whether Section 322(b) (4) of the Internal Revenue Code, as enacted by Section 169(a) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Code, § 322(b) (4), has retroactive effect so as to render timely a claim for refund of income tax with respect to 1939, which claim was filed more than three years after the return for that year was actually filed but less than three years after the return for that year was due.

The taxpayer filed his income tax return for the calendar year 1939 on January 15, 1940, the due date being March 15, 1940. On this return there was included in gross income an item of $5,542.20 as the taxpayer's aliquot share of the income from a trust established by the taxpayer and others to pay pensions to former employees of the Chase & Sanborn Company, a partnership of which the taxpayer was a member. The tax indicated on this return in the amount of $17,612 was paid in quarterly instalments during 1940.

On March 5, 1943, the taxpayer filed a claim for refund of $2,500, plus interest, paid as tax on income of 1939. This claim for refund was based on the ground that, pursuant to the decision in Flood v. United States, 1 Cir., 133 F.2d 173, involving 1936 and 1937, the taxpayer was entitled to a deduction of $5,085.75 as a business expense in 1939. The Commissioner disallowed the claim for refund, and suit was thereupon instituted by the taxpayer to recover the sums in question. The Government has filed a motion to dismiss on the ground that the claim for refund was not filed within the statutory period provided by Section 322(b) (1) and Section 3772(a) (1) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, §§ 322(b) (1), 3772(a) (1).

These sections provide in part as follows:

"Sec. 322. Refunds and credits * *

"(b) Limitation on allowance

"(1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *"

"Sec. 3772. Suits for refund

"(a) Limitations

"(1) Claim. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

There is no question that under these provisions the claim for refund of March 5, 1943, was not timely filed. However, the taxpayer contends that the Revenue Act of 1942, 56 Stat. 798, 26 U.S.C.A.Int. Rev. Acts, is to be interpreted as having retroactive application so as to render timely the March 5, 1943, claim. Section 169(a) of the Revenue Act of 1942 amended paragraph 2 and added paragraphs 3, 4, and 5, to Section 322(b) of the Internal Revenue Code. The new paragraph 4, so added, provided:

"(4) Return considered filed on due date. For the purposes of this subsection, a return filed before the last day prescribed by law for the filing thereof shall be considered as filed on such last day. * * *."

Other provisions of the Revenue Act of 1942 are relevant in the determination of the question of retroactivity. Section 101 of that Act, 26 U.S.C.A.Int.Rev.Acts, declared: "Except as otherwise expressly provided, the amendments made by this title (which included Section 169) shall be applicable only with respect to taxable years beginning after December 31, 1941."

Section 169(c) of the Revenue Act of 1942 contained a special application provision as follows: "(c) Effective date of

amendment. The amendment inserting paragraph (5) of section 322(b) shall be applicable to taxable years beginning after December 31, 1938."

An indication of Congressional intent with reference to the applicability of these provisions is found by examination of House and Senate Committee Reports. The Committee on Ways and Means of the House stated in its report, H.Rep. No. 2333, 77th Cong., 2d Sess., p. 121:

"(F) Effective Date

"Section 101 of the bill (Section 101 of the Act) provides that (except when otherwise provided) the amendments made by title 1 of the bill shall be applicable only with respect to taxable years beginning after December 31, 1941. The amendments made by section 150 of the bill (Section 169 of the Act) are therefore applicable only in the case of an overpayment made with respect to a taxable year beginning after December 31, 1941, and the existing provisions of Section 322 of the Code continue to apply in cases involving an overpayment with respect to a taxable year beginning before that date. However, the special period of limitation with respect to bad debts and worthless securities, provided by the amendment inserting paragraph 5 in section 322(b) is specifically made applicable to overpayments made with respect to a taxable year beginning after December 31, 1938."

Similar statements were made by the Committee on Finance of the Senate in S.Rep. No. 1631, 77th Cong., 2d Sess., pp. 157, 158.

■ In matters of substantive application the rule of statutory construction is against giving retroactive effect to a statute in the absence of clear expression to the contrary. Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747, 26 A.L.R. 1454; Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. The taxpayer contends, however, that the provisions as to the time for filing claims for refund relate to remedial, rather than substantive, matters, and that this rule of construction is therefore inapplicable.

■ Although the rule of strict construction against retroactive statutory operation cannot be automatically applied in the case of procedural or remedial legislation, there is no presumption that such enactments are to be given prospective effect. Whether the statute in such case

is to be given a retroactive interpretation depends upon legislative intention. George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265.

■■ By the express provisions of Sections 101 and 169 of the Revenue Act of 1942 Congress has indicated a clear intention that Section 322(b) (4) of the Internal Revenue Code is not to be given retroactive effect. Section 169 amended paragraph 2, and added paragraphs 3, 4, and 5 to Section 322(b) of the Internal Revenue Code. Yet only paragraph 5, dealing with bad debts and worthless securities, was expressly given retroactive application. Section 322(b) (4) was not similarly made retroactive in operation. The circumstances for invoking the rule of "Expressio unius est exclusio alterius" are evident. Botany Worsted Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 73 L.Ed. 379; Martin v. Commissioner of Internal Revenue, 2 Cir., 61 F.2d 942, 944, certiorari denied, 289 U.S. 737, 53 S.Ct. 656, 77 L.Ed. 1485.

■ While reliance upon Committee Reports as an aid to statutory construction is sometimes overstressed, recourse to them can be useful in resolving ambiguities and reaffirming apparent legislative intent. In the instant case the expressed intention of Congress is that Section 322(b) (4) of the Internal Revenue Code has application only to 1942 and subsequent years. The positive statements in the House and Senate Committee Reports serve to reinforce this conclusion.

The taxpayer contends that Section 322 (b) (4) so interpreted will render the amendment wholly inoperative until 1946 and, in addition, will constitute a pitfall for the unwary taxpayer whose claim for refund must still be filed within three years of the actual filing date of his return. With the first of these contentions I am unable to agree. The purpose of this amendment is not to extend the period of limitation, but to facilitate the administrative task of tax collection. Under the former arrangement a taxpayer who filed his return before the due date was penalized because the three year limitation period began to run immediately. In consequence taxpayers delayed their returns until the due date and collectors' offices were overwhelmed. The amendment, by easing this condition, has already become operative, although the first period of lim-

itation provided for will not expire until 1946.

The existence of two distinct provisions relating to the filing of claims for refund admittedly adds confusion to an already extremely complex tax structure; but complexity alone is not enough to justify this Court in overriding the plain intent of Congress. The remedy lies not in the judicial, but in the legislative, process.

In the light of the foregoing I find and rule that Section 322(b) (4) of the Internal Revenue Code is not to be given retroactive effect. The action is therefore dismissed.