### FORBES v. COMMISSIONER OF INTERNAL REVENUE.

No. 117, Docket 22484.

United States Court of Appeals Second Circuit.

Argued April 7, 1953.

Decided June 3, 1953.

Watson Washburn, New York City, for petitioner. ·

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Robert B. Ross, Special Assts. to the Atty. Gen., for respondent.

Before S W A N, Chief Judge, and CLARK and FRANK, Circuit Judges.

SWAN, Chief Judge.

The taxpayer, who was one of the founders of Investors League, Inc., and its president in 1946, made a dues payment of $1,000 to the League in that year. He sought to deduct this contribution under § 23(a) (2) of the Code;[1] the Commissioner disallowed the deduction, and the Tax Court confirmed the Commissioner's disallowance.

There is no dispute as to the facts, which were stipulated. The League is a non-prof-

it, membership corporation organized under the laws of New York in 1942. In 1946 it had more than 10,000 members. Its purposes as stated in its certificate of incorporation may be summarized as follows: To build up a nationwide organization designed to bring about fair play for investors, life insurance policy-holders, savings depositors, home owners, small business men and other property owners; to advocate the preservation of the existing private enterprise system; to conduct economic studies and research and to publicize the results thereof; to express publicly the League's attitude toward existing or proposed legislation affecting the interests of its members as investors; to concern itself with matters of mismanagement, or inconsiderate treatment of investors, or labor relations, involving principles which affect the interests of members as investors; and to promote genuine industrial democracy as distinguished from merely theoretical democracy in industry. Its actual activities in 1946 conformed to the objectives stated in its charter. The Tax Court found that the payment in question "did not have a proximate relation to the production or collection of taxable income of the petitioner or to the management, conservation, or maintenance of petitioner's property held for income," and did not constitute "an ordinary and necessary expense for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."[2]

The Tax Court's findings are not to be disturbed on review unless clearly erroneous. We think the record supports them. Nor have we any doubt as to the validity of the Regulation which limits deductible expenses to such as are proximately connected with the production of income or

---

1. "§ 23. Deductions from gross income.
   "* * * (a) (2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

2. Section 29.23(a)–15 of Treasury Regulations 111 provides, among other things, that "Expenses, to be deductible under section 23(a) (2) must be 'ordinary and necessary', which presupposes that they must be reasonable in amount and must bear a reasonable and proximate relation to the production or collection of taxable income or to the management, conservation, or maintenance of property held for the production of income."

the management of income producing property.[3]

The taxpayer relies on two groups of cases allowing deductions in situations which he regards as analogous to the case at bar. We do not think them analogous. One group typified by Williams, 3 T.C. 200, 203, holds deductible fees paid for services of investment counsel not specifically related to any particular transaction, but to the taxpayer's investments in general throughout the taxable year. There the relation between the fee and the services was direct. Here, as the Tax Court says, there was no evidence of any understanding that the League would give a *quid pro quo* for the taxpayer's contribution. The other group of cases relied on involved contributions to chambers of commerce, trade associations, or similar organizations. These are held deductible under § 23(a) (1) as *business* expenses, and the applicable Regulation permits deduction of "expenditures directly connected with or pertaining to the taxpayer's trade or business." [4] Contributions to chambers of commerce or trade organizations may well be thought to be an "ordinary and necessary" expense "pertaining" to the contributor's trade or business. But we agree with the Tax Court that such decisions are not authority for allowing a deduction in the case at bar.[5] The decision is affirmed.

---

3. The Regulation follows almost verbatim the language of H.Rep. 2333, 77th Cong. 2d Sess., p. 75 (1942-2 Cum.Bull. 372), and S.Rep. 1631, 77th Cong. 2d Sess. p. 88 (1942-2 Cum.Bull. 504, 571). See Trust of Bingham v. Commissioner, 325 U.S. 365, 370, 65 S.Ct. 1232, 89 L.Ed. 1670.

4. Reg. 111, sec. 19.23(a)-1.

5. It is unnecessary to consider the Commissioner's alternative contention that Treas.Reg. 111, § 29.23(o)-1 bars the deduction because the League is a lobbying organization.