**NORDA ESSENTIAL OIL AND CHEMICAL COMPANY, Inc., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 143, Docket 23769.**

United States Court of Appeals
Second Circuit.

Argued Feb. 16, 1956.

Decided March 7, 1956.

Robert Ash, Washington, D. C. (Charles H. Berg, Brooklyn, N. Y., on the brief), for appellant.

Clement J. Hallinan, Jr., Asst. U. S. Atty. for Southern Dist. of New York, New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

■ This is an appeal taken from the district court's refusal to vacate a prior *ex parte* order summoning appellant to appear May 16, 1955, before a Special Agent of the Internal Revenue Service with its books, records, and papers in connection with its tax liability for 1952. Conceding the general power of summons, Internal Revenue Code of 1954, § 7602, 26 U.S.C. § 7602, it contests this particular one on several grounds, the most stressed being that records are being demanded for the years 1950 and 1951, as to which the statutory limitation of three years, Internal Revenue Code of 1954, § 6501(a) and (e), 26 U.S.C. § 6501(a, e), has run, and additionally that its tax liability for those years has been fully examined and settled. Specifically involved are depreciation deductions claimed by appellant in its 1952 return totaling $107,145.12 upon assets, of which those purchased in 1950 and 1951 alone amounted to $462,268.65. The prior examination was concluded in the summer of 1952 and resulted in a determination of substantial deficiencies in appellant's taxes for the years 1949 through 1951, with reductions each year of the depreciation it had claimed. It is clear, however, that the present investigation, being for the 1952 taxes, is neither barred by limitation nor settled by the previous examination. Each taxable year is a unit which must be separately examined and determined; obviously here there are most important problems, involving large sums of money, presented by the 1952 return. Thus the investigation reaching into earlier years is amply justified. Falsone v. United States, 5 Cir., 205 F.2d 734, 742, certiorari denied 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; Zimmermann v. Wilson, 3 Cir., 105 F.2d 583; Moraine Hotel Co. v. C. I. R., 7 Cir., 41 F.2d 725; United States v. United Distillers Products Corp., 2 Cir., 156 F.2d 872. In fact, this differentiation between years is brought out in the Code itself in the provision which prohibits "unnecessary examination or investigations," and goes on to state that only one inspection of a taxpayer's books of account "shall be made *for each taxable year*" (emphasis added) unless the taxpayer requests it or the Secretary of the Treasury or his dele-

gate gives notice in writing that an additional inspection is necessary. I.R.C. § 7605(b), 26 U.S.C. § 7605(b). Here we have only the first inspection of the 1952 return, which thus is not precluded for the reasons urged (or for lack of this notice, as additionally contended). Cases cited by appellant concern re-examination for a *year* already audited or clearly barred; e. g., Zimmermann v. Wilson, 3 Cir., 81 F.2d 847; Pacific Mills v. Kenefick, 1 Cir., 99 F.2d 188; Martin v. Chandis Securities Co., 9 Cir., 128 F. 2d 731.

■ Appellant additionally urges that a revenue agent stated the government's purpose to be to discover if some of the items taken as expense should be capitalized, and that since it then offered to waive all benefit to itself from such a correction, it had eliminated all ground for the proposed examination. Passing the point whether or not an agent thus carelessly or waywardly could prejudice the obviously more thorough examination merited under the circumstances, it is clear that we have no basis for assuming as a sole result of re-examination some benefit to the taxpayer. Questions as to the number and amount of these purchases, upon which deductions are claimed, and whether made by this company or by a business associate, Fruit Industries of Bradenton, Fla., are suggested in the record and deserve exploration. The recent case of Local 174, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. United States, 9 Cir., —— F.2d ——, does not help appellant. There a summons was issued against a third person without hearing or showing of definite knowledge as to the taxpayer's income. Here of course there is no such issue; and the order to show cause called for such hearing as the appellant sought. But the underlying facts were clear, as the affidavits on which both parties chose to rely demonstrated. So the appeal is clearly without merit.

Affirmed.