PHOENIX COAL COMPANY, Inc.,
Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 182, Docket 23751.

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1956.
Decided March 13, 1956.

Dulany Mahan, Jr., New York City, for petitioner.

Morton K. Rothschild, Atty., Dept. of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., and Robert N. Anderson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CLARK, Chief Judge.

The petitioning taxpayer here seeks review of the action of the Tax Court in sustaining the Commissioner's assessment of deficiencies in its income tax for the years 1946 and 1948. Two questions are presented. The first arises because the Commissioner, in making adjustments of petitioner's 1946 income tax return, considered items on its 1945 return, adjustment of which was barred by the statute of limitations.

■ Petitioner reported income and paid a tax thereon in 1945. It did likewise in 1946. In 1947 and 1948, it reported a net operating loss. As provided in § 122(b) of the Internal Revenue Code of 1939, 26 U.S.C. § 122(b), it carried back to 1945 a portion of the 1947 net loss sufficient to wipe out net income in 1945, and then carried back the remainder of the 1947 loss to 1946. The 1948 net loss was then carried back in toto to reduce further the 1946 net income. It then filed an application for a tentative carry-back adjustment under § 3780 of the Internal Revenue Code of 1939, 26 U.S.C. § 3780, based upon net operating loss carry-backs from 1947 to 1945 and 1946 as above stated.

The Commissioner made a refund of the entire income tax paid for the year 1945 and made an additional refund for the year 1946. Later he recomputed petitioner's 1945 income and this time disallowed certain amounts deducted for insurance payments and charitable contributions, as well as a 1944 net operating loss which petitioner had carried forward to 1945. This action resulted in a recomputed net income for 1945 of $5,-868.40 as compared with the previously computed figure of $3,865.80. The net operating loss for 1947 was then carried back to the recomputed 1945 income so as again to reduce the tax for that year to zero; but this time only $1,806.-11 of the 1947 loss remained to be carried back to the year 1946, instead of the $3,606.63 claimed by petitioner. The Commissioner thereupon determined a deficiency for the year 1946. This assessment of deficiency came less than three years after the filing of the 1946 return, but more than three years after the filing of the 1945 return.

It is petitioner's contention that this assessment for 1946 is barred by the statutory provision requiring that the amount of the income tax "shall be assessed within three years after the return was filed," § 275(a) of the Internal Revenue Code of 1939, 26 U.S.C. § 275(a), because it is based upon an adjusted computation of income for the barred year 1945. But here there was no actual assessment of tax deficiency for 1945; nor under the facts presented could there have been such a deficiency. We are clear that the limitation statute, in prohibiting reassessment within three years after the filing of the return, refers to the return in question, i. e., the 1946 return, not the 1945 return. This conclusion is buttressed by § 272(g) [1] of the Internal Revenue Code of 1939, 26 U.S.C. § 272(g), giving the Tax Court jurisdiction to consider facts relating to taxes of other taxable years in order correctly to determine the amount of taxes for the years in question, but not to determine whether the tax for any other taxable year has been overpaid or underpaid. This is in line with the general theory of income taxation to treat each separate year as a unit to itself, as we are again holding in Norda Essential Oil & Chemical Co., Inc., v. United States, 2 Cir., 230 F.2d 764; and see also Rosenthal v. C. I. R., 2 Cir., 205 F.2d 505.

The recent case of C. I. R. v. Van Bergh, 2 Cir., 209 F.2d 23, is directly in point. This involved a suit for a refund of an overpayment of tax for the year 1945 based upon the application of a net operating loss incurred in 1946, which the taxpayer elected to carry back to the year in question. Although the three-year statute of limitations on assessment of deficiency for 1945 had run, the Commissioner was permitted to recompute the taxpayer's tax liability for 1945 as a means of creating a setoff against the claim for refund. We pointed out that, unless the loss carry-back could be treated as though it had in fact occurred in the earlier year, the taxpayer would

1. § 272. *Procedure in general* * * *

"(g) *Jurisdiction over other taxable years.* The Tax Court in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid."

be placed in a better position, when the loss occurs in a later year, than when it occurs in the year when it is allowed as a deduction. Therefore the Commissioner was not required to deduct the carry-back from the *net income shown on the return*, but could recompute the whole income for the earlier year using the loss as a credit. The sound policy embodied in this case is controlling here, and we see no reason to extend the bar of § 275 of the Internal Revenue Code of 1939 to years other than those for which an actual assessment of deficiency is made.

Edward J. Leuthesser, 18 T.C. 1112, and Ione P. Bouchey, 19 T.C. 1078, cases cited by petitioner here, were distinguished in the Van Bergh case, for in both the Commissioner was undertaking to determine a deficiency for the very years against which the statute had run. So Deakman-Wells Co. v. C. I. R., 3 Cir., 213 F.2d 894, also urged by petitioner, is clearly inapposite for the same reason. There the year 1947, for which the Commissioner sought to claim a deficiency, was barred by the running of the three-year period. The court held that additional assessments with respect to the disallowance of a carry-back loss from the following year were the only additional assessments for 1947 open to the Commissioner to make under § 276(d), 26 U.S.C. § 276(d). Thus the conclusion of each of these cases is entirely consistent with our holding here, where we are concerned not with additional assessments for a barred year, but only with review of an earlier computation for the purpose of correctly determining the tax liability for a year not barred.

The second question raised by petitioner concerns a recovery of $5,000 received in 1948 in settlement of its suit against its former officers and directors and certain corporations for conspiracy to destroy its business. Respondent contended, and the Tax Court held, that this sum was allocable solely to lost profits, rather than to claims of injury to good will, and hence was ordinary income, not a return of capital.

Petitioner in its complaint did in fact allege injury to its good will, as well as loss of profits. But according to the testimony of petitioner's trial attorney—as the Tax Court noted in its opinion—neither he nor the defendants in the suit ever indicated that any part of the proposed settlement was attributable to claims based on injury to good will.

Petitioner was a distributor of bituminous and anthracite coal to large consumers and retailers in the New York City area. It usually took title to, but not possession of, the coal it acquired from the mine operators; in many instances it acted merely as an agent, receiving a commission for directing delivery to its customers. One Keay, its co-founder, principal stockholder, and managing head, died in July, 1946. The nature of its activities over the years as a coal distributor was such that its good will was connected personally and primarily with Keay, as well as with the other two managing officers who resigned in 1947 and who were defendants in its action.

Based on the personal nature of the good will, the Tax Court found that there was none remaining to the corporation after Keay's death and defendants' resignation and before defendants began active competition with it. Further, its earnings record during the years 1942 to 1948 was erratic and spotty and failed to indicate that it retained or held a store of good will. In addition, its net earnings in the two years following defendants' resignation dropped from their average in the two preceding years in an amount more than twice the entire settlement recovery.

Some evidence was introduced by petitioner to show expenditures made on its behalf in its early days to establish good will with potential customers and mine operators; Mr. Keay also gave a number of parties to entertain people in the coal business in 1916 and 1917 prior to its organization. But, since there was no evidence that persons for whom such expenditures were made were its customers in 1947 and 1948, such evi-

dence was properly not given weight by the Tax Court. The court on the basis of all the evidence concluded that petitioner had not sustained its burden of proving that any of the $5,000 was allocable to good will. Upon this question of fact, we cannot find the court's determination to be clearly erroneous. See C. I. R. v. Scottish American Investment Co., 323 U.S. 119, 65 S.Ct. 169, 89 L.Ed. 113; Molnar v. C. I. R., 2 Cir., 156 F.2d 924; Forbes v. C. I. R., 2 Cir., 204 F.2d 777, certiorari denied 346 U.S. 872, 74 S.Ct. 121, 98 L.Ed. 381.

Durkee v. C. I. R., 6 Cir., 162 F.2d 184, 173 A.L.R. 553, cited by petitioner, contains suggestions that allegations in the complaint of damage to good will are controlling in determining the nature of the recovery sought and hence of the settlement. But this case involved facts from which damage to good will might reasonably be inferred; it was there alleged that the taxpayer had earned from $8,000 to $10,000 a year, with a reasonable anticipation of increasing this income to about $15,000 or $20,000. Such allegations of consistent or substantial earnings, with prospects for future increase attributable to good will, were lacking here. A mere allegation in the complaint of injury to good will is not sufficient in itself to establish that the settlement represented at least in part a recovery for that damage in the face of a substantial showing that the recovery was, on the contrary, entirely for lost profits. Cf. Raytheon Production Corp. v. C. I. R., 1 Cir., 144 F.2d 110, certiorari denied 323 U.S. 779, 65 S.Ct. 192, 89 L. Ed. 622; Boehm v. C. I. R., 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78, 166 A.L.R. 708, affirming, 2 Cir., 146 F.2d 553.

In view of this record, the rule of Cohan v. C. I. R., 2 Cir., 39 F.2d 540, requiring remand for the purpose of making at least an approximation of the value of good will, does not apply. Here the weight of the evidence supports a conclusion that the entire amount of the settlement was for lost profits, and that therefore it is taxable in full as ordinary income.

It follows that the deficiencies were correctly assessed and that consequently the decision below must be

Affirmed.