**Tax Liability of NORDA ESSENTIAL OIL AND CHEMICAL COMPANY, Inc., of the Lower Manhattan District.**

United States District Court
S. D. New York.
July 18, 1956.

Abraham A. Wedeen, New York City, Robert Ash, Washington, D. C., for Petitioner, Norda Essential Oil and Chemical Co., Inc.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for the United States, Clement J. Hallinan, Jr., Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

On the 13th day of March, 1956, the United States Internal Revenue Service served upon Norda Essential Oil and Chemical Company, Inc. (hereinafter called "Norda") by registered mail a formal ninety-day notice of "deficiency" of income tax liability for the taxable year ending 1952. This tax determination was appealed to the Tax Court of the United States on April 18, 1956. The notice of deficiency was issued under the authority of Section 6212(a) of the Internal Revenue Code, 26 U.S.C.A. § 6212 (a).

In its 1952 return, Norda claimed as a deduction depreciation in the total amount of $107,145.12.

On April 19, 1955, a Commissioner's summons was issued to petitioner to produce:

(1) Voucher registers and cash receipts and disbursements books for the years 1950 and 1951.

(2) Paid invoices and cancelled checks representing acquisitions to "Trucks," "Equipment," and "Construction Machinery" accounts during the years 1950 and 1951 as set forth in Schedule I of the 1952 corporation income tax return.

(3) All paid vouchers representing plant, machinery or equipment leased to or otherwise provided for or to Fruit Industries of Bradenton, Florida.

These books and records demanded in the above-mentioned summons related to the purchase of assets in 1950 and 1951 on which depreciation was being claimed in the 1952 returns.

Petitioner, Norda, refused to comply with the summons, and an ex parte order to enforce the summons was obtained from the United States District Court for the Southern District of New York on application of the special agent in charge of the investigation of petitioner's 1952 return.

A motion by petitioner to vacate the ex parte order was denied by Judge Dawson of this Court on May 25, 1955; on March 7, 1956, the Circuit Court of Appeals, Second Circuit, Norda Essential Oil & Chemical Co. v. United States, 230 F.2d 764, affirmed this decision; on June 4, 1956, the Supreme Court of the United States denied certiorari, 351 U.S. 964, 76 S.Ct. 1028.

The petitioner contends that the issuance of the notice of deficiency of March 13, 1956, pursuant to Section 6212 of the Internal Revenue Code of 1954 suspends the Commissioner's power to examine relevant books and records of a taxpayer.

Section 6212 of the Internal Revenue Code of 1954 reads in part as follows:

"(a) In General.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail.

&ast; &ast; &ast; &ast;

"(c) Further deficiency letters restricted.—

"(1) General rule.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary or his delegate shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar year, or of estate tax in respect of the taxable estate of the same decedent, except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b) (1) (relating to mathematical errors), or in section 6861(c) (relating to the making of jeopardy assessments)."

The question at issue on this motion is whether or not the issuance of the notice of deficiency suspended the Commissioner's power to examine relevant books and records and whether a notice in writing pursuant to Section 7605(b) is a prerequisite to such examination.

■ It has already been determined in the instant case that the prohibition against further deficiency letters for the same taxable year, as provided in Section 6212(c) (1), is inapplicable to the situation involved herein because the prior examination related to the years 1949 through 1951, whereas the present investigation concerns the 1952 taxes. Section 7605(b) of the Internal Revenue Code of 1954, which is substantially similar to Section 3631 of the 1939 Code, provides as follows with respect to notice of re-examination:

"(b) Restrictions on examination of taxpayer.—No taxpayer shall be subjected to unnecessary examina-

tion or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 902."

Thus, the written notice which is required before an additional inspection can be had is not necessary when another examination is sought which relates to a different tax year than the one previously involved. This issue has already been determined in the instant case by the Court of Appeals in its opinion dated March 7, 1956, wherein it was stated [230 F.2d 765]:

> "* * * It is clear, however, that the present investigation, being for the 1952 taxes, is neither barred by limitation nor settled by the previous examination. Each taxable year is a unit which must be separately examined and determined; obviously here there are most important problems, involving large sums of money, presented by the 1952 return. Thus the investigation reaching into earlier years is amply justified. Falsone v. United States, 5 Cir., 205 F.2d 734, 742, certiorari denied 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; Zimmermann v. Wilson, 3 Cir., 105 F.2d 583; Moraine Hotel Co. v. C. I. R., 7 Cir., 41 F.2d 725; United States v. United Distillers Products Corp., 2 Cir., 156 F.2d 872. In fact, this differentiation between years is brought out in the Code itself in the provision which prohibits 'unnecessary examination or investigations,' and goes on to state that only one inspection of a taxpayer's books of account 'shall be made *for each taxable year*' (emphasis added) unless the taxpayer requests *it* or the Secretary of the Treasury or his delegate gives notice in writing that an additional inspection is necessary. I.R.C. § 7605(b), 26 U.S.C. § 7605

(b). Here we have only the first inspection of the 1952 return, which thus is not precluded for the reasons urged (or for lack of this notice, as additionally contended.) Cases cited by appellant concern re-examination for a *year* already audited or clearly barred; e. g., Zimmermann v. Wilson, 3 Cir., 81 F.2d 847; Pacific Mills v. Kenefick, 1 Cir., 99 F.2d 188; Martin v. Chandis Securities Co., 9 Cir., 128 F.2d 731."

■ However, petitioner contends that the service of the ninety-day notice of "deficiency" subsequent to the hearing and determination of petitioner's motion to vacate the ex parte order now warrants the granting of its motion to vacate said order. This point was treated by the Court of Appeals in Bolich v. Rubel, 2 Cir., 1933, 67 F.2d 894. There, the petitioner sought to vacate an ex parte order for re-examination of certain corporate books on the ground that the Commissioner's power to re-examine a taxpayer's books should be suspended pending an appeal from the Commissioner's determination of tax deficiency. The petitioner's motion to vacate the order for re-examination was denied by the District Court. In affirming the denial of petitioner's motion, the Court of Appeals said:

> "There is some force, therefore, in the argument that the Commissioner's power (section 1104, Act of 1926 [26 U.S.C.A. (I.R.C.1954) §§ 7602, 7605(a)]) to examine a taxpayer's books for the purpose of 'determining' a deficiency should be suspended for as long as his power to 'determine' the deficiency is itself suspended. A further reason is that the Board has itself full power to compel the production of evidence, documentary and testamentary, either at the hearing, or by deposition in preparation for it. Section 908, Act of 1924, as added by section 1000, Act of 1926 [26 U.S.C.A. (I.R.C.1954) § 7456].
>
> "Nevertheless, we think that the Commissioner's power still persists

pending the appeal. Properly, it is not a power to procure or perpetuate evidence at all; it is strictly inquisitorial, justifiable because all the facts are in the taxpayer's hands. Since the Commissioner may apply to the Board to increase the assessment, he may need to prepare his case in advance by a further examination, which is quite another matter from producing evidence in support of it." 67 F.2d at page 895.

In the light of the foregoing authorities, petitioner's motion to vacate the order dated May 11, 1955 must be denied.

Settle order on notice.