**NATIONAL PLATE & WINDOW GLASS CO., Inc., Appellee,**

v.

**UNITED STATES of America, Appellant.**

No. 290, Docket 24913.

United States Court of Appeals Second Circuit.

Argued March 10, 1958.

Decided April 7, 1958.

Meyer Rothwacks, Attorney, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attorneys, Dept. of Justice, Washington, D. C.; Cornelius Wickersham, Jr., U. S. Atty., and Lawrence G. Nusbaum, Jr., Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y., on the brief), for appellant.

Bernard Weiss, New York City, for appellee.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and BRENNAN, District Judge.

PER CURIAM.

The subpoena power vested in the "Secretary [of the Treasury] or his delegate" by 26 U.S.C.A. § 7602 to § 7605, was not extinguished when the taxpayer filed with the Tax Court his petition to review the Commissioner's asserted deficiency for the fiscal year 1953. Under 26 U.S.C.A. § 6214, the Tax Court has power to assess a deficiency greater than that originally determined by the

Commissioner. And the subpoena powers provided by the above-cited sections of the Code of 1954 are available to the Commissioner in connection with additional claims which he may assert in the Tax Court. Bolich v. Rubel, 2 Cir., 67 F. 2d 894.

■■ Nothing in 26 U.S.C.A. § 6212 purports to restrict the subpoena power of the "Secretary or his delegate" under the statutory provisions above cited. The restriction in § 6212 which prohibits the determination of additional deficiencies "except in the case of fraud" does not proscribe resort to subpoena in an effort to ascertain whether fraud exists. Especially is that so when, as here, a possibility of fraud appears. Boren v. Tucker, 9 Cir., 239 F.2d 767, at page 773. Cf. Application of United States (Carroll), 2 Cir., 246 F.2d 762, certiorari denied 355 U.S. 857, 78 S.Ct. 85, 2 L.Ed.2d 64, and In Matter of Levine, D. C., 149 F.Supp. 642, affirmed 2 Cir., 243 F.2d 175. Moreover, the records sought below may well have been pertinent to investigation of the appellee's tax liability for 1954–1956. For those liabilities, so far as appears, no notice of deficiency had been mailed and no petition for review by the Tax Court had been filed. Consequently, § 6212 by its plain terms was inapplicable. Norda Essential Oil & Chemical Co. v. United States, 2 Cir., 230 F.2d 764, certiorari denied 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484.

■ Nor was the order below required because of the provisions of 26 U.S. C.A. § 7605(b), which without special authorization restricts the Internal Revenue Service to "only one inspection." The cursory examination of the taxpayer's records on February 28, 1957 was not shown to have completed the investigation: it did not constitute an "inspection" within the meaning of this statute. Ten days thereafter the taxpayer refused access to the records. And any examination of the records prior to February 28, 1957 was incident to the investigation of another related corporation.

■ Taxpayer's contention that the summons was too broad must fail in the light of Civil Aeronautics Board v. Hermann, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed. 2d 852. And his claim that the summons violates his constitutional privileges under the Fourth Amendment is wholly lacking in substance. Bolich v. Rubel, supra.

Reversed with a direction to deny the motion to quash and to enforce the summons.