In the Matter of the Tax Liability of NORDA ESSENTIAL OIL AND CHEMICAL COMPANY, Inc., of the Lower Manhattan District, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18, Docket 24485.

United States Court of Appeals Second Circuit.

Argued Nov. 7, 1957.

Decided Jan. 31, 1958.

Rehearing Denied April 14, 1958.

Abraham A. Wedeen, New York City, and Robert Ash, Washington, D. C., for appellant, argued by Charles H. Burton, Washington, D. C.

Paul W. Williams, U. S. Atty., New York City, John A. Keeffe and Harold J. Raby, Asst. U. S. Attys., New York City, of counsel, for appellee.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

The appellant's income tax liability for the year 1952 has been the subject of investigation since April 19, 1955 when a Commissioner's summons was issued requiring the taxpayer to produce certain books and records for the years 1950 and 1951. Norda having refused to comply, an *ex parte* order to enforce the summons was obtained from Judge Walsh on May 11, 1955, and a motion to vacate said order was denied by Judge Dawson on May 25, 1955. The latter order was affirmed on appeal on March 7, 1956, 2 Cir., 230 F.2d 764, and certiorari was denied on June 4, 1956, 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484.

On June 12, 1956 Norda again moved to vacate the order of May 11,

1955. This was not a mere repetition of the order denied by Judge Dawson on May 25, 1955. It is really a supplemental petition setting up additional facts, namely, that on March 13, 1956 a notice of deficiency was served on Norda determining taxes in the amount of $459,984.93 for the year 1952, plus a fraud penalty of 50% in the amount of $229,992.47, a total of $689,277.40; that on April 18, 1956 Norda petitioned the Tax Court of the United States for a redetermination of the deficiency; and that neither the secretary of the Treasury nor his delegate have notified Norda that a further inspection of its books and records is necessary, as required by § 7605(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7605(b). This motion was referred to Judge Levet, who filed an opinion denying it on July 18, 1956. The order of denial was not entered until November 30, 1956. Notice of appeal was filed December 19, 1956.[1]

The question at issue is whether the notice of deficiency for the year 1952 suspended power to examine relevant books and records for prior years, which the taxpayer had already been required by court order to produce, and whether notice in writing pursuant to section 7605(b) is a prerequisite to such examination. The appellant's argument appears to be that the deficiency notice and its petition to the Tax Court nullified the order of May 11, 1955. It relies upon Bolich v. Rubel, 2 Cir., 67 F.2d 894, as supporting its position. Such reliance is misplaced. Indeed, the case supports the Government. At page 895 the court said:

"Nevertheless, we think that the Commissioner's power still persists pending the appeal. * * * Since the Commissioner may apply to the Board to increase the assessment, he may need to prepare his case in advance by a further examination, which is quite another matter from producing evidence in support of it."

Judgment is affirmed on the opinion below, reported in 142 F.Supp. 868.

### On Petition for Rehearing

We shall somewhat elaborate upon our original *Per Curiam* herein, filed on January 31, 1958, although we had already given consideration to the point which appellant claims we overlooked.

Appellant argues that revenue agents have examined appellant's books once with regard to the taxable year 1952, and that, therefore, pursuant to Section 7605(b) of the Internal Revenue Code of 1954, 26 U.S.C. § 7605(b), no further examination of the books can be made without a written notice from the Secretary of the Treasury, or his delegate, the Commissioner of Internal Revenue. Appellant relies on the notice of deficiency and the fact that a deficiency was asserted to show that the revenue agents had previously examined the books. The argument runs that the face of the deficiency notice shows a prior inspection, and also that only by such an inspection could the Government have secured sufficient information to assert the deficiency. But the statement on the deficiency notice that it was based upon "information on file in this office" is not, in our opinion, sufficient to indicate that the Government has adequately and completely examined the books before. See National Plate & Window Glass Co. v. United States, 2 Cir., 254 F.2d 92. With regard to appellant's second contention, the Government probably learned enough facts to assert the deficiency from a cursory examination of the books in question here in connection with the investigation of appellant's tax liability for years prior to 1952. Thus no writ-

---

[1]. By a show cause order dated July 23, 1956, Norda moved for leave to reargue its application to vacate the order of May 11, 1955. The motion for reargument was denied November 8, 1956. The notice of appeal filed December 19, 1956 purports to appeal from denial of the motion for reargument as well as from the order of November 30, 1956. Assuming, without decision, that an order denying a motion for reargument may be appealed it is unnecessary to discuss that appeal, as it presents no question not raised by the appeal from the order of November 30, 1956.

ten notice was necessary in the case at bar because there has been no examination of the books for the taxable year 1952. National Plate & Window Glass Co. v. United States, supra.

Petition denied.