**PHŒNIX ELECTRONICS, Inc.**

v.

**UNITED STATES of America.**

Civ. A. No. 56–927–A.

United States District Court
D. Massachusetts.

Aug. 26, 1958.

Lawrence M. Levinson, Boston, Mass., for plaintiff.

Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action for the recovery of income taxes, allegedly illegally assessed. All of the facts were stipulated, and the parties agreed that there were only two issues. The first one has now been disposed of by the decision in Colony, Inc., v. C. I. R., 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119.

■■ The facts may be briefly summarized. Plaintiff is on a calendar year,

accrual basis. For the year 1947 it filed a return showing a net operating loss. This resulted from the taking of certain deductions which it now appears were unauthorized. No question of fraud is involved. For each year since then it has duly filed returns. On February 20, 1953, defendant made deficiency assessments for the years 1947, 1949 and 1950, which were paid. The assessment as to 1947 was proper only if the five year, rather than the three year, statute of limitations was applicable. It is not. Overclaiming deductions, no matter how many, is not an omission from gross income within the meaning of Internal Revenue Code, 1939, § 275(c), 26 U.S.C.A. § 275(c). Colony, Inc., v. C. I. R., supra. Plaintiff is entitled to judgment for that year.

■ The question of whether plaintiff may recover for 1949 and 1950 depends upon whether the Commissioner in 1953 was precluded from going behind the 1947 return to dispute the amount of the loss stated therein and claimed as a loss carry-over in those later years. Plaintiff says that the passage of the same three years that prevented in 1953 an assessment as to 1947 prevented re-examination of the 1947 return for any purpose. The point was not involved in the Colony case, and I find no language in the opinion indicating that the court might have dealt with it favorably to the taxpayer. Nor does the statute upon which plaintiff relies explicitly address itself to the problem. It provides,

> "The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." Internal Revenue Code, 1939, § 275 (a).[1]

The government points out that the Commissioner was neither making an assessment, with respect to 1947, after the passage of more than three years, nor bringing an action for collection. The plaintiff replies that the spirit of the statute is to permit final closing after a stated period, so that an "honest taxpayer [may] be free to dispose of his records; to feel that his financial position will not be subject to unexpected tax liabilities; and to be free of litigation, examination, and investigation." Study of this language will show its lack of relevancy. The taxpayer here was free to dispose of his records, and leave his financial position unscrutinized, unless it chose itself to make events in 1947 pertinent. After the three years there was nothing the government could initiate. There was nothing unexpected about this examination, unless one assumes the point at issue. The taxpayer, in seeking affirmative relief in later years from a tax otherwise then due, itself brought up the question of its 1947 financial position, and then sought the additional advantage that the government must take its word for it.

■ I believe the statute relates only to assessment or court action, and does not make a three-year-old return indisputable verity for all purposes. It is familiar law that the ordinary statute of limitations does not bar the debt, but only the remedy. Limitation, being an act of grace, should be strictly construed. So should the loss carry-over deduction. It is one thing to say that after three years the government is precluded from going back of a return for the purpose of making an assessment for that year. It is quite another to say that when in order to prevent an assessment for a later year the taxpayer goes back to a prior year the government is bound by his return.

The government hypothesizes the following situation. In each of four years a taxpayer shows a loss, with a particularly large one the first year. The government correctly believes that the first-year loss has been overstated, but that there was in fact some loss. Obviously no de-

---

1. The loss carry-over statute itself casts no light on this question, and, as plaintiff does not rely on it, it is not quoted.

ficiency assessment can be made. The fifth year the taxpayer shows a gain which would be entirely wiped out by carrying over the losses shown on the earlier returns, but a net gain would remain if the first-year loss were correctly computed. If the plaintiff's present position is correct the government would be remediless. I do not adopt it. Phoenix Coal Co. v. C. I. R., 2 Cir., 231 F.2d 420; cf. C. I. R. v. Disston, 325 U.S. 442, 449, 65 S.Ct. 1328, 89 L.Ed. 1720 (gift tax).

Judgment for plaintiff on first count (1947), in amount stipulated, with interest. Judgment for defendant on counts two and three.