J. G. BRANDON and Emily L. Brandon

v.

UNITED STATES of America.

Civ. A. No. 1353.

United States District Court
N. D. Georgia,
Rome Division.

April 9, 1962.

Malcom A. Brenner, Atlanta, Ga., for plaintiffs.

Charles Goodson, U. S. Atty., for the United States.

HOOPER, Chief Judge

In this action plaintiffs seek to recover from the Government an alleged overpayment of income taxes for the year 1953 in the amount of $1,988.32.

The facts in question are stipulated, being as follows:

Taxpayers in the calendar year 1952 had a net operating loss. For 1953 they had a taxable income on the basis of which they paid the correct tax in the sum of $1,988.32. They did not then

exercise their right to carry forward to 1953 said operating loss for 1952. Their return for 1954 correctly shows a net operating loss of $385.12 and their tax return for 1955 a loss of $12,240.15.

On March 31, 1958 taxpayers filed a claim for refund for the year 1953 seeking to carry back to that year the losses for 1954 and 1955, said claim having been disallowed by the Government.

The contention of the Government is that the failure of taxpayers to carry over to 1953 the net operating loss for 1952 is fatal to their contentions in this case. Had they done so the 1952 operating loss would have eliminated income for 1953.

Taxpayers contend there is no provision of law requiring that the loss for 1952 be carried forward to 1953, as a condition precedent to the carrying back to 1953 of the losses for 1954 and 1955.

No cases are cited by either side which directly bear upon the question of issue. It is apparently a matter of first impression.

In its brief the Government contends that the taxpayers

"in order to determine the taxpayers' net income in 1953 * * * the net operating loss for 1952 must be carried over, even though that loss was not claimed as a deduction by the taxpayers on their 1953 income tax return."

No statute or decision of the courts is cited however, expressly so holding. Brief of the Government also states the following:

"Thus when the claims involved in the present case were filed, the taxable income for the year 1953 was re-examined. It was discovered that the taxpayers in fact had no taxable income for that year after all proper allowances and deductions had been made, including a computation of the loss carry-over from 1952. There was, therefore, nothing against which the 1954 and 1955 losses could be applied."

There is nothing in the stipulations or the record to support the above statement and the language in the brief is but another way of saying that the loss for 1952 was as a matter of law carried forward to 1953 whether or not the taxpayers elected to do so. We find no decision or statute sustaining this decision.

It is true that the provisions of § 23(s) of the 1939 Revenue Code, 26 U.S.C.A. § 23(s) allowed the loss from 1952 to be used as a deduction in 1953; the provisions for the carry-back of the losses for 1954 and 1955 must also be given effect. This Court however, is not cited to any language in the Internal Revenue Code of 1939 which controls this matter, nor any legislative history indicating a Congressional intent that it is mandatory upon the taxpayers to carry forward a loss from 1952 whether electing to do so or not. See Internal Revenue Code of 1939, § 23, § 122, § 322, 26 U.S.C.A. §§ 23, 122, 322; Internal Revenue Code of 1954, § 172, § 6511, 26 U.S.C.A. §§ 172, 6511. The following cases are cited by the Government: Commissioner of Internal Revenue v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720; Commissioner of Internal Revenue v. Van Bergh, 2 Cir., 209 F.2d 23; Kent v. Commissioner, 35 T.C. 30; Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Phoenix Coal Co. v. Commissioner, 2 Cir., 231 F.2d 420; State Street Trust Co. v. U. S., D.C., 59 F.Supp. 467, affirmed per curiam, 1 Cir., 151 F.2d 1022 and United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619.

The following cases are cited by the taxpayers: Commissioner v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720; Commissioner v. Van Bergh, 2 Cir., 209 F.2d 231; Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Phoenix Coal Co. v. Commissioner, 2 Cir., 231 F.2d 420 and United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L. Ed. 619.

Counsel for plaintiffs shall present an appropriate Judgment in accordance herewith.